## TEXAS & P. RY. CO. v. DUFF.
### (No. 1811.)

(Court of Civil Appeals of Texas. Texarkana.
May 31, 1917. Rehearing Denied
June 5, 1917.)

**1. APPEAL AND ERROR ⟦555⟧ — STRIKING BILLS OF EXCEPTIONS—EFFECT.**

Where appellee's motion to strike from the record appellant's bills of exceptions covering the court's action in refusing its request to compel appellee to submit to an examination of his person by physicians was sustained on the ground that the bills were filed in the trial court after expiration of the time allowed by law, assignments presenting the rulings of the court with reference to such request for review in the Court of Appeals will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2955.]

**2. RAILROADS ⟦351(1)⟧—INJURIES AT CROSSING—INSTRUCTION.**

In an action against a railroad for injuries to a person at a crossing when he was struck by coal falling from a tender, an instruction that the jury should find for plaintiff if they believed the road's employés in charge of the train "failed to exercise ordinary care in loading the coal on the tender of the engine so as to prevent it from falling off and injuring persons near its track," was not erroneous as making the road absolutely liable for the falling off of the coal, instead of liable only for a failure to use ordinary care to prevent its falling.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193, 1194.]

**3. APPEAL AND ERROR ⟦263(3)⟧—FAILURE TO EXCEPT TO INSTRUCTION.**

Where defendant failed to except to the court's action in refusing an instruction, defendant is in the attitude, before the Court of Civil Appeals, of having approved the instruction, and is not entitled to complain of it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1518.]

Appeal from District Court, Van Zandt County; J. G. Kearby, Special Judge.

Action by R. L. Duff against the Texas & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Because (as found by the jury) of negligence on the part of employés of appellant in loading same thereon, pieces of coal fell off of the tender of one of its engines as it rapidly crossed over a public road on which appellee, within his right, was standing. In falling the coal struck appellee, seriously and permanently injuring him. The appeal is from a judgment in his favor against appellant for $5,000.

J. A. Germany, Geo. Thompson, and H. G. Robertson, all of Dallas, for appellant. Wynne, Wynne & Gilmore, of Wills Point, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] Having sustained appellee's motion to strike from the record appellant's bills of exceptions covering the action of the court in refusing its request to compel appellee to submit to an examination of his per-son by certain physicians named by it, on the ground that said bills were filed in the court below after the expiration of the time allowed by law, the assignments numbered 1, 2, 3, and 4, presenting the rulings of the court with reference to such request for review here, will not be considered. Criswell v. Robbins, 152 S. W. 210; Canal Co. v. Quinn, 160 S. W. 151; Tyler v. Sowders, 172 S. W. 205; Loeb v. Railway Co., 186 S. W. 378; Pearce v. Knights and Ladies of Honor, 190 S. W. 1156.

[2] The court instructed the jury to find for appellee if, other conditions specified concurring, they believed the employés of appellant in charge of the train "failed to exercise ordinary care in loading the coal on the tender of the engine, so as to prevent it from falling off and injuring persons near its track." The argument in support of the contention that the portion quoted of the instruction was erroneous is that it made appellant "absolutely liable for the falling off" of the coal, instead of liable only for a failure to use ordinary care to prevent its falling." It is plain, we think, that the language used by the court is not capable of the construction claimed for it, and that the jury could not have understood it to mean that appellant was liable to appellee without respect to whether appellant's employés were guilty of negligence or not in loading the coal on the tender. Therefore the sixth assignment is overruled.

[3] The basis of the seventh and eighth assignments is the action of the court in refusing to give to the jury a special charge requested by appellant which, had it been given, would have instructed them to find in its favor. Failing, as it did, to except to the action of the court in refusing the instruction, appellant is in the attitude before this court of having approved same, and is not entitled to complain thereof. Article 2061, Vernon's Statutes; Strong v. Harwell, 185 S. W. 676; McCall v. Roemer, 186 S. W. 409; Railway Company v. Feldman, 170 S. W. 133; Denison Cotton Mill Co. v. McAmis, 176 S. W. 621; Railway Co. v. Wilson, 176 S. W. 619; King v. Gray, 175 S. W. 763.

There is no error in the judgment of which appellant can be heard to complain. Therefore it is affirmed.