## JAMES v. E. WEINSTEIN & SONS.
### (No. 946—5061.)

Commission of Appeals of Texas, Section B.
Jan. 23, 1929.

Simpson & Collins and Leo Brewster, all of Fort Worth, for plaintiff in error.

McLean, Scott & Sayers, of Fort Worth, for defendant in error.

LEDDY, J. Plaintiff in error, Mrs. Sallie James, was the owner of a two-story brick building situated at the corner of Houston and Weatherford streets in the city of Fort Worth. On the 21st day of April, 1925, she executed a lease on said premises to defendants in error for the term of three years with the option of renewing same on or before maturity for an additional two years, which option has been duly exercised.

On August 29, 1927, defendants in error filed suit in the district court of Tarrant county against the city of Fort Worth and Mrs. Sallie James, in which it was alleged that the city, acting through its building inspector, inspected said building and found it to be dangerous and unsafe for use by the public or for people to pass same, and the owner and lessee were duly notified of such fact, and directed to cause certain repairs to be made in order to make said building safe and secure. It was further: Alleged that the building was not in fact unsafe and that plaintiff in error, Mrs. James, had seized upon the opportunity of contending that the same was unsafe and that a new building should be erected, and was insisting upon her right to enter upon said premises and tear down the present building with the intention of erecting a new building thereon, and insisting that she has the right to rent the new building so constructed for a largely increased rental over what defendant in error was paying under the present lease of the premises. That the city of Fort Worth was threatening to rope off the premises and to

prevent the public from entering the same unless the repairs required to be made by its building inspector were made.

In the alternative it was alleged that, if the building was in fact dangerous and unsafe for occupancy, it was capable of being repaired without material interference with the operation of defendants in error's business.

The prayer was for a temporary injunction restraining the city of Fort Worth from roping off the premises and from in any manner preventing the general public from having free right of ingress and egress to and from defendants in error's place of business, and restraining Mrs. Sallie James from in any manner tearing down the building aforesaid, or from in any manner harassing or interfering with them in their right to the quiet and peaceable use and occupancy of said premises, and that upon final hearing said injunction be made permanent.

It seems that the trial judge, upon presentation of this petition, required a hearing to be had before granting a writ of injunction and entered an order setting the same down for hearing on August 30, 1927, being the day after the petition was filed. It also appears that a trial was had on the 30th, the parties defendant having filed their respective answers without the necessity of the usual notice being served upon them. On this hearing, the trial judge did not confine his decree to determining the issue as to whether a temporary injunction should be issued, but decided the case on its merits, filing findings of fact and conclusions of law and effectually disposing of the entire controversy.

The trial court found that the building was unsafe and dangerous to the general public, but that it could be repaired by removing the second story and constructing a new roof, and recited in the findings that Mrs. James, the lessor, had been given the right to make these repairs, but in open court had declined to do so, and the judgment rendered provided that the lessee might make such repairs within the time stipulated in the decree, and the city of Fort Worth was enjoined from taking any action during the time allowed the lessee to make such repairs, and the lessor was also restrained from in any way interfering with the lessee in the making of such repairs.

■ Plaintiff in error insists that the hearing was one on the application for a temporary injunction, and not a final trial, and therefore the trial court was without authority to decide the case on its merits; that it had no right to effectually dispose of all the issues in the case on this character of hearing. While defendants in error contend that the hearing was not before the judge in chambers, but was a trial by the court on the issues presented; hence it was entirely proper to finally dispose of the questions involved.

The petition, as before stated, was filed on August 29, and the statement of facts shows that the hearing held was begun on the following day. The judgment which purports to be a final one was rendered September 14, 1927. It contains the following recital: "Plaintiff's petition for injunction having been presented to the court in the above entitled and numbered cause, *and same having been set down for hearing by order of the court*, all parties appearing in person or by attorney, and evidence having been fully heard on the merits of *such application* and the law having been presented by the attorneys for the respective parties to the court for his consideration, the court is of the opinion and finds as follows," etc.

This recital, taken in connection with the plaintiffs' prayer for the immediate issuance of a temporary injunction, shows clearly that the hearing held by the court was a preliminary one before the judge and not a trial before the court. The decree does not recite that the parties waived a jury, and the recital that "evidence was heard on such application" and under an *order of the court setting it down for hearing* clearly indicates that it was not a trial of the case on its merits. In addition to this, the decree entered contains the following recital: "It is further ordered that the plaintiffs, E. Weinstein & Sons, shall execute a bond in the sum of $3,000, conditioned as required by law, before such writ of injunction herein is issued."

If the injunction in this case was granted as on a final trial, no bond of course should have been required. Where a temporary injunction is granted, it is required under the statute that a bond be given to protect the opposite party from resultant damages, but where the same is granted on a final hearing, no bond is necessary, as the judgment of the court affords complete protection.

As further indicating that the hearing was a preliminary one on the application for a temporary injunction, the agreement of the parties to the statement of facts, which was approved by the court, contains this recital: "Be it remembered that *on the hearing of the application for an injunction* in the above numbered and entitled cause before *his Honor Bruce Young* on August 30, 1927, the following facts and none other were proved."

The parties here solemnly agreed that the proceeding was a "hearing on the application for an injunction" and that it was before "his Honor Bruce Young," and this agreement was signed and approved by the district judge. This would clearly indicate it was a preliminary hearing before the judge in chambers.

■ Merely because the defendants in the preliminary hearing appeared and filed their answers without service of notice did not constitute the proceeding a final trial on the merits. Such action was a mere waiver on their part of the issuance and service of the usual notice required where a hearing on an application for injunction is had.

■ The law is well settled in this state

that the purpose of the issuance of a temporary injunction is to maintain the status quo in regard to the matter in controversy, and not to determine the respective rights of the parties under the cause of action asserted or defenses urged. Stolte v. Karren (Tex. Civ. App.) 191 S. W. 600; Crossman v. City of Galveston, 112 Tex. 303, 247 S. W. 810; City of Texarkana v. Reagan, 112 Tex. 317, 247 S. W. 816; Lane v. Jones (Tex. Civ. App.) 167 S. W. 177; Galveston & W. R. Ry. Co. v. City of Galveston (Tex. Civ. App.) 137 S. W. 724; 22 Cyc. 740; Joyce on Injunction, § 109.

If the effect of the granting of a temporary injunction does more than preserve the status of the property as it had theretofore existed, and accomplishes the whole object of the suit, it would be improper for the court to grant same, as the legitimate purpose of the temporary injunction is merely to preserve the existing condition until a final hearing can be had on the merits. The court is without authority to divest a party of property rights without a trial and any attempt to do so is void. 1 Beach on Injunction, p. 128; Calvert v. State, 34 Neb. 616, 52 N. W. 687; Arnold v. Bright, 41 Mich. 207, 2 N. W. 16.

It follows that that portion of the decree authorizing the lessee to make the repairs required by the building inspector of the city of Fort Worth is void.

Further, the injunction herein is not authorized by defendants in error's pleadings. The prayer was that a temporary injunction be granted enjoining the city of Fort Worth and Mrs. Sallie James from interfering with the quiet enjoyment by the lessees of the premises involved until it could be determined, upon a trial whether said building was in fact unsafe and dangerous to the public, and the decree should not have gone beyond this prayer. The decree actually rendered was one restraining the lessor from interfering with the defendants in error while making the repairs required by the city.

The defendants in error did not ask in their pleading that they be permitted to make any repairs whatever to the building, nor did their petition contain any prayer that the lessor be restrained from interfering with them while they were making the repairs required by the building inspector of the city of Fort Worth. The judgment of the court is therefore without pleading to sustain it.

The conclusion reached renders it unnecessary for us to pass on the other legal questions decided by the Court of Civil Appeals; hence we express no opinion thereon.

We recommend that the judgments of the trial court and the Court of Civil Appeals be reversed, and the cause remanded for another trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.