## O'KEEFE v. HUDSPETH COUNTY et al.
### No. 2429.

Court of Civil Appeals of Texas. El Paso.
Feb. 13, 1930.

J. G. Bennis, J. M. Nealon, and Joseph Mc-Gill, all of El Paso, for appellant.

C. W. Croom and D. E. Mulcahy, both of El Paso, for appellees.

HIGGINS, J.

This suit was brought by C. A. O'Keefe against the county of Hudspeth, the county judge, and county commissioners of said county, who were sued individually and collectively as constituting the commissioners' court of said county, to enjoin the defendants from entering upon and appropriating certain lands for road purposes.

Pending the litigation said O'Keefe died and Joe T. O'Keefe, temporary administrator of the estate of the deceased, with authority to prosecute the suit, was substituted as plaintiff. Upon trial the relief sought by plaintiff was denied.

The material facts are undisputed, and the only question presented involves the validity of condemnation proceedings by Hudspeth county against deceased, in which proceedings the land described in the petition was condemned. It is asserted by appellant the proceedings and judgment of condemnation are void.

On September 9, 1929, Hudspeth county filed a petition addressed to the county judge of that county, in which it was alleged:

"3. That your petitioner is now constructing a public highway and a public road in said County of Hudspeth, between the City of Sierra Blanca and the boundary line of Hudspeth County, and that the right-of-way of such highway and road is surveyed, and will be situated upon the following described real estate, the fee simple title to which is owned by said defendant, to-wit: (Here follows description of land.)

"4. Your petitioner further represents that it is necessary for the establishment, location, construction, and maintenance of said highway and road, that petitioner acquire, take, hold and enjoy the above described lands for the purpose of a right of way for such highway and road, and that your petitioner cannot and has failed to agree with the said defendant upon the value of such land, or the damages.

"Wherefore, petitioner prays that special commissioners be appointed, as required by law, to assess said damages, and for a decree of condemnation vesting in the petitioner for said right of way across said land; for costs of suit, and for such other and further relief, both general and special, as petitioner may be entitled to under the law."

Upon this petition the land was condemned in accordance with the provisions of title 52, art. 3264 et seq., R. S. 1925.

Chapter 116, p. 300, Acts 39th Legislature, Regular Session, with its caption and emergency clause reads as follows:

"An Act conferring upon counties the right of eminent domain, where land, right of way or easements are necessary to be secured for the construction of jails, courthouses, hospitals, delinquent and dependent schools, poor farms, libraries or for other public purposes, and providing for the institution of such proceedings in the name of the county, and that the assessing of damages shall be in conformity to the statutes of the State of Texas for condemning and acquiring right of way by railroads, and providing that no appeal shall cause suspension of work, and that counties shall not be required to give appeal bond or bond for costs, and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. The right of Eminent Domain is hereby conferred upon counties of the State of Texas for the purpose of condemning and acquiring land, right of way or easement in land, private or public, except property used for cemetery purposes, where said land, right of way or easement is necessary in the construction of jails, courthouses, hospitals, delinquent and dependent schools, poor farms, libraries or for other public purposes, where such purpose is now or may hereafter be authorized by the Constitution or Statutes of this State.

"All such condemnation proceedings shall be instituted under the direction of the commissioners' court, and in the name of the county, and the assessing of damages shall be in conformity to the Statutes of the State of Texas for condemning and acquiring right of way by railroads. Provided, that no appeal from the finding and assessment of damages by the commissioners appointed for that purpose shall have the effect of causing the suspension of work by the county in connection with which the land, right of way, easement, etc., is sought to be acquired; and provided further, that in case of appeal, counties shall not be required to give bond, nor shall they be required to give bond for costs.

"Sec. 2. The fact that counties, except for road purposes, have not the right of Eminent Domain, and cannot institute proceedings to acquire land necessary to erect buildings and for other public purposes, and that it is essential in many counties that they have this right in order to proceed with public improvements, creates an emergency and an imperative public necessity," etc.

This act appears in the codification of 1925 as article 3264a.

It is the contention of the appellees that under this act Hudspeth county was authorized to condemn for road purposes the specific tracts of land described in its condemnation petition in the manner and form prescribed by title 52, R. S. Upon this assumption appellees seek to sustain the validity of the condemnation proceedings under which they are undertaking to appropriate the land for public road purposes.

■■ In our opinion the act quoted has no application in condemnation proceedings by counties for county road purposes, and upon its face it so discloses. In this view we are fortified by the fact that the act was passed at the same legislative session which adopted the Revised Statutes of 1925. Chapter 2, title 116, art. 6702 et seq., R. S., regulates the laying out and establishment of county public roads and condemnation proceedings incident thereto. The act relied upon by appellees having been adopted at the same session of the Legislature which adopted the 1925 Revised Statutes, the two laws are to be construed together as if in one act, and effect given to both, if it can be done by reasonably fair construction. Southern Pac. Co. v. Sorey, 104 Tex. 476, 140 S. W. 334; McGrady v. Terrell, 98 Tex. 427, 84 S. W. 641. There is no repugnancy or even inconsistency between the act invoked by appellees and chapter 2 of title 116, R. S.

■ We are therefore of the opinion that, when a county in its own right, as it undertook to act in the present instance, desires to lay out and establish a county road and to condemn land necessary for such purpose, it must proceed in accordance with chapter 2, tit. 116, R. S.

The procedure under chapter 2, tit. 116, is radically different from that prescribed by chapter 116, Acts 39th Legislature.

■ For the reasons indicated the condemnation proceedings are fatally defective and void, conferred no right upon appellees, and the injunctive relief sought by appellant should have been granted. Vogt v. Bexar County, 5 Tex. Civ. App. 272, 23 S. W. 1044; Benat v. Dallas County (Tex. Civ. App.) 266 S. W. 539. This conclusion renders it unnecessary to consider any other propositions submitted.

■■ However, it may be observed that the evidence upon the trial hereof discloses that Hudspeth county did not intend to use the land for county road purposes, but intended it to be used as a right of way for a proposed change in state highway No. 1. Under chapter 10, Acts 41st Legislature, 3d C. S., the commissioners' court of Hudspeth county is authorized to condemn the land here in question on behalf of the state highway commission, and that is the law which governs in any possible future condemnation in behalf of the highway commission. Watt v. Studer (Tex. Civ. App.) 22 S.W.(2d) 709. But in such case the commissioners' court acts not in its own behalf for county road purposes, as it did in the present condemnation, but on behalf of the state highway commission for state highway purposes.

Reversed, and judgment here rendered in appellant's favor enjoining appellees as prayed for by appellant, but without prejudice to the right of appellees to later institute condemnation proceedings under chapter 10, Acts 41st Legislature, 3d Called Session, or any other law.