### WELSH et al. v. CARTER.

### No. 718.

Court of Civil Appeals of Texas. Eastland.

June 13, 1930.

F. O. Jaye, of De Leon, for appellants.

Chastain & Judkins, of Eastland, for appellee.

HICKMAN, C. J.

The appeal is from an order granting a temporary injunction. The injunction was granted upon the petition of appellee without a hearing. Omitting formal parts, the petition was as follows:

"Plaintiff is the owner of 26 hundred feet of 6⅝ inch oil well casing, of the value of Two Thousand Dollars, which said casing is now in a well on the farm of the defendants E. O. Cozby and Mrs. E. O. Cozby, known as the Cozby Farm in Comanche County, Texas.

"The said casing was loaned to the defendants T. E. Welsh and C. A. Kelsey under a written contract of date April 28th, 1928, and the contract provided that in event the well on the Cozby farm proved not to be a producer of oil or gas in paying quantities, that same should. be returned to plaintiff, Rising Star, Texas.

"That the said well was not a producer in paying quantities and was abandoned by the drillers more than one year ago and the defendants have failed and refused to return same to plaintiff as per their contract, and that on the 30 day of Dec. 1929, plaintiff went to said well to pull his said casing and to regain possession thereof, when the defendant Cozby and T. E. Welsh refused to permit plaintiff to regain possession of same and ordered plaintiff's servants off the premises.

"That the defendants are threatening to shoot the said well with explosives, while the casing is still in said well, which will ruin plaintiff's casing in all probability and are threatening to sell the said dry hole to other drillers, with plaintiff's property therein, which will cloud the title thereto and will defraud innocent parties. That Mrs. E. O. Cozby also refused to permit plaintiff to pull his casing and claims an interest in the land and well.

"That, unless defendants are enjoined they will do violence to plaintiff and his servants and employees, when they take possession of his property and will refuse to permit plaintiff to take possession of his property to his great and irreparable injury. That defendants are insolvent and unable to respond to plaintiff in damages, and that plaintiff has no adequate remedy at law.

"Premises considered, plaintiff prays the court to issue his most gracious writ of injunction, enjoining the defendants, their agents and servants, from interfering with plaintiff in pulling his casing, or from doing any act to injure his said casing and from making any character of contract concerning same and from doing any act or speaking any word tending to prevent plaintiff from regaining possession of his said property.

"That it will require the expenditure of five hundred dollars to pull said casing and haul same to Rising Star, where same was to be returned to plaintiff, and that same is reasonable and necessary expense and cost of returning said casing."

Four propositions for reversal are contained in appellants' brief, each of which presents an interesting question of law, but only one of which we find it necessary to consider. This proposition reads as follows:

"When a temporary injunction would have the force and effect of accomplishing the whole purpose of the suit, without a trial upon the merits, the same should be refused."

That is a correct proposition of law, which is applicable to the case before us. As will be disclosed by reading the petition, there was put in issue the title and right of possession of casing. The appellee's right to remove same depended upon the determination of his title, of the character of contract under which appellants held same, and of the happening of the event which entitled him to repossess same; namely, that the well in which the casing was used had proved not to be a producer of oil or gas in paying quantities. The injunction prayed for, and which was granted, had the effect of preventing appellants from interfering with appellee while he removed his casing. It did not merely prevent the appellants from injuring or destroying the casing pending the determination of the suit. Its purpose was not to preserve the status quo of the property, but was to enable the appellee to obtain his property under the sanction of a court order without any judicial ascertainment of the facts giving him a right to repossess same.

That appellee so construed the purpose of the injunction is shown by a motion filed herein by him to dismiss this appeal. In this motion it is stated, under oath of one of his attorneys, that the question has become moot, because, since the issuance of the temporary writ of injunction, appellee has regained possession of the property described therein, and has removed same from the premises of appellants. "That all the acts for which the writ of injunction was issued have been accomplished." Had we granted this motion, the effect of our action would have been a determination of valuable property rights and the transfer of property from the possession of one person to another without any opportunity for a hearing on the issues of fact and rights involved. The law governing this question is well stated in 32 C. J. p. 20, from which we quote:

"An interlocutory or preliminary injunction is a provisional remedy granted before a hearing on the merits, and its sole object is to preserve the subject in controversy in its then existing condition, and without determining any question of right, merely to prevent a further perpetration of wrong or the doing of any act whereby the right in controversy may be materially injured or endangered, until a full

and deliberate investigation of the case is afforded to the party. This is so whether the injunction is prohibitory or mandatory. * * * Ordinarily, where the issuance of a preliminary injunction would have the effect of granting all the relief that could be obtained by a final decree and would practically dispose of the whole case, it will not be granted."

Many Texas cases are cited in support of the text, including the following: Dallas Hunting, etc., Club v. Dallas County Bois D'arc Island Levee Dist. (Tex. Civ. App.) 235 S. W. 607; Oil Lease, etc., Syndicate v. Beeler (Tex. Civ. App.) 217 S. W. 1054; John Dollinger, Jr., Inc., v. Horkan (Tex. Civ. App.) 202 S. W. 978; I. & G. N. Ry. Co. v. Anderson County (Tex. Civ. App.) 150 S. W. 239; Id., 106 Tex. 60, 156 S. W. 499; Allen v. Knox (Tex. Civ. App.) 195 S. W. 1169.

Many cases could be added to this list, including the following: S. W. Tel. & Tel. Co. v. Smithdeal, 104 Tex. 258, 136 S. W. 1049; Galveston & W. Ry. Co. v. City of Galveston (Tex. Civ. App.) 137 S. W. 724; Ort v. Bowden (Tex. Civ. App.) 148 S. W. 1145; City Council of Fort Worth v. Fort Worth Associated Master Plumbers & Heating Contractors, Inc. (Tex. Civ. App.) 8 S.W.(2d) 730; James v. Weinstein & Sons (Tex. Com. App.) 12 S.W.(2d) 959, 960; Rogers v. Day (Tex. Civ. App.) 20 S.W.(2d) 104.

From the case of James v. Weinstein & Sons, supra, we quote:

"The law is well settled in this state that the purpose of the issuance of a temporary injunction is to maintain the status quo in regard to the matter in controversy, and not to determine the respective rights of the parties under the cause of action asserted or defenses urged. Stolte v. Karren (Tex. Civ. App.) 191 S. W. 600; Crossman v. City of Galveston, 112 Tex. 303, 247 S. W. 810 [26 A. L. R. 1210]; City of Texarkana v. Reagan, 112 Tex. 317, 247 S. W. 816; Lane v. Jones (Tex. Civ. App.) 167 S. W. 177; Galveston & W. R. Ry. Co. v. City of Galveston (Tex. Civ. App.) 137 S. W. 724; 22 Cyc. 740; Joyce on Injunction, § 109.

"If the effect of the granting of a temporary injunction does more than preserve the status of the property as it had theretofore existed, and accomplishes the whole object of the suit, it would be improper for the court to grant same, as the legitimate purpose of the temporary injunction is merely to preserve the existing condition until a final hearing can be had on the merits. The court is without authority to divest a party of property rights without a trial and any attempt to do so is void. 1 Beach on Injunction, p. 128; Calvert v. State, 34 Neb. 616, 52 N. W. 687; Arnold v. Bright, 41 Mich. 207, 2 N. W. 16."

Further. discussion of the question would serve no purpose. The order of the court below granting the temporary injunction is set aside, and the injunction dissolved.

Reversed and rendered.