## WATT v. STATE et al.

### No. 3494.

Court of Civil Appeals of Texas. Amarillo.
Dec. 10, 1930.

Rehearing Denied Jan. 7, 1931.

A. A. Ledbetter, of McLean, and R. H. Templeton, of Wellington, for appellant.

Cook, Smith & Teed and John F. Studer, all of ·Pampa, Robert Lee Bobbitt, Atty. Gen., and Sloan Blair, Asst. Atty. Gen., for appellees.

RANDOLPH, J.

This suit was filed by appellant in the district court of Gray county against the state of Texas, R. L. Bobbitt, R. S. Sterling, Cone Johnson, W. R. Ely, Gib Gilchrist, the highway commission of Texas, T. J. Coffey, A. A. Callahan, and C. M. Carpenter, and the plaintiff alleges in his petition that the defendants were attempting to condemn and appropriate certain lands of appellant for right of way for state highway No. 75; that said land and premises constituted appellant's resident and business homesteads; that said proceed-

ings were being had in the county court of Gray county, and that they were illegal and void, and prayed for a temporary writ of injunction restraining the defendants and each of them, their agents and employees, from further proceedings in the. county court of said county and from entering plaintiff's property and interfering with him in its use, and upon final hearing that the injunction be made perpetual.

A temporary restraining order was issued by the court, and the case was set down for hearing upon the plaintiff giving a required bond. On hearing the defendants, state of Texas, the highway commission and members thereof, and the Attorney General of Texas filed their plea in abatement of the suit as to them. This plea in abatement was sustained by the court, and as to the last named defendants the case was dismissed. Proceeding to trial as against the remaining defendants, upon hearing of the evidence the court dissolved the temporary restraining order and denied the temporary injunction. This ruling was, however, held in abeyance pending appeal, upon the giving of bond by the appellant in the sum of $2,000.

The appellant assigns ·error on the part of the trial court in dissolving the temporary writ of injunction theretofore granted and in denying appellant's petition for a permanent injunction upon the ground that the county court had no jurisdiction or authority to condemn the land and premises of appellant for the right of way for state highway for the following reasons, to wit:

"Chapter 186, Page 456, Acts of the 39th Legislature divested the Commissioners' Court of its authority to condemn land and materials for a State Designated Highway, and vested such authority in the Highway Commission of the State of Texas. Section 14 of said Act provides that the Highway Commission shall proceed in the same manner as near as may be that Commissioners' Courts of certain counties may condemn materials under Articles 6894 and 6895, Title 119, R. S. 1911. Reference to said articles by the 39th Legislature being fatally defective, the 41st Legislature at its Third Called Session, attempted to cure the defect by passing an amended act which referred to Articles 6984 and 6985, R. S. 1911, Title 119, in this language:

" 'The Attorney General at the request of the State Highway Commission shall proceed to condemn the same for and on behalf of the State of Texas in the same manner as near as may be that Commissioners' Courts of certain counties may condemn materials under the provisions of Articles 6984 and 6985, Title 119, Revised Statutes 1911.'

"The Title of the Act of the Third Called

Session of the 41st Legislature, being Chapter 10, page 243, is fatally defective, in that said Title fails to state, or refer to what Act of the Legislature said Articles were passed, or in what Revised Statutes they will be found. Said Title reads:

"'An act to correct the reference to Articles 6894 and 6895 in Section 14, Chapter 186, Acts of the 39th Legislature, and making the same refer to Articles 6984 and 6985; conferring authority on Commissioners' Courts to acquire new or wider right-of-way or land for material or borrow pits;, prescribing regulations relative thereto; and declaring an emergency.'

"Articles 6984 and 6985 were omitted from the Revised Statutes of 1925 and expressly repealed by section 2 of the Final Title adopting the Revised Statutes of 1925. As Articles 6984 and 6985 had been repealed, and were only referred to by acts of 41st Legislature and were not re-enacted and published at length as provided in Article 3, Section 36, Texas Constitution, said Acts of the 41st Legislature are wholly insufficient to authorize the condemnation proceedings complained of."

It will be seen from the appellant's assignments that the complaint is: (1) There being an error by the Legislature in the reference to the articles referred to and the corrective act being an attempt to revive a repealed act, said attempt to revive was void because the caption of the reference statute failed to state the purpose of revival of the repealed act; and (2) because the act referred to, if corrected, had been repealed, and was not in force and effect at the time the reference was made.

Article 6674n, R. C. S. 1925, provides as follows:

"Whenever, in the judgment of the State Highway Commission, the use of any timber, earth, stone, gravel, or other material, convenient to any road being constructed or maintained under the provisions of this Act will facilitate such construction or maintenance or whenever in the judgment of said commission it is necessary or expedient to construct or reconstruct any such road over a new or wider right of way, the State Highway Commission shall have the right to use any such materials most convenient to such roads and to acquire such land or lands for the public use and benefit as may be necessary for the new or wider right of way. In such cases the owner of such materials or land shall be paid therefor out of the State Highway Fund. Provided, that should the owner of such land or materials and the State Highway Commission fail to agree upon the amount to be paid therefor, then the Attorney General at the request of the State Highway Commission shall proceed to condemn the same for and on behalf of the State of Texas in the same manner as near as may be that commissioners' courts of certain counties may condemn materials under the provisions of Articles 6894 and 6895, Title 119, Revised Statutes, 1911, such condemnation proceedings to be held in the county in which such material or land so to be condemned may be situated. The highway commission's portion of the expense of such proceedings shall be paid out of the State Highway Fund. [Inserted by compiler from Acts 1925, 39th Leg. ch. 186, p. 458, § 14.]"

■ It is not necessary, however, for us to pass upon the question of whether or not articles 6984 and 6985 had been repealed and were not in effect at the time the reference was made to them in article 6674n, and it is not necessary for us to discuss the question of the mistake of the Legislature in referring to those articles for the following reasons: The rule has been laid down that, where a general power has been conferred by the Constitution, or a duty enjoined, every particular power necessary for the exercise of the one or the performance of the other is also conferred. Judge Cooley states the rule to be:

"The implications from the provisions of a constitution are sometimes exceedingly important, and have large influence upon its construction. In regard to the Constitution of the United States the rule has been laid down, that where a general power is conferred or duty enjoined, every particular power necessary for the exercise of the one or the performance of the other is also conferred. The same rule has been applied to the State constitution, with an important modification, by the Supreme Court of Illinois. 'That other powers than those expressly granted may be, and often are conferred by implication, is too well settled to be doubted. Under every constitution the doctrine of implication must be resorted to, in order to carry out the general grants of power. A constitution cannot from its very nature enter into a minute specification of all the minor powers naturally and obviously included in it and flowing from the great and important ones which are expressly granted. It is therefore established as a general rule, that when a constitution gives a general power, or enjoins a duty, it also gives, by implication, every particular power necessary for the exercise of the one or the performance of the other. The implication under this rule, however, must be a necessary, not a conjectural or argumentative one. And it is further modified by another rule, that where the means for the exercise of a granted power are given, no other or different means can be implied, as being more effectual or convenient.' The rule applies to the exercise of power by all departments and all officers, and will be touched up-

on incidentally hereafter." Cooley's Constitutional Limitations (8th Ed.) (Carrington) vol. 1, p. 138.

This being true, it necessarily followed that, the state having been granted the general power to condemn by the Constitution, the procedure to be followed in condemnation proceedings generally will or can be followed in condemning land for public use, and the questions raised by appellant in the foregoing assignment become immaterial. Section 17, art. 1, of the Constitution of Texas, recognizes the right of the state to condemn for its uses.

Article 3264 of the Revised Civil Statutes of Texas 1925 provides as follows, in part:

"The exercise of the right of eminent domain shall in all cases be governed by the following rules:

"1. When real estate is desired for public use by the State or by a county, or a political subdivision of a county, or by a city or town, or by the United States Government, or by a corporation having the right of eminent domain, the party desiring to condemn the property after having failed to agree with the owner of the land on the amount of damages shall file a statement in writing with the county judge of the county in which the land or a part thereof is situated. It shall describe the land sought to be condemned, state the purpose for which it is intended to be used, the name of the owner if known, and that the plaintiff and the owner have been unable to agree upon the value of the land or the damages. Where the land lies in two or more counties, in one of which the owner resides, the statement shall be filed in the county of the owner's residence. * * *"

Upon our construction of the powers naturally following a grant by the Constitution, see, also, Dilley County Line Independent School District v. Burns (Tex. Civ. App.) 290 S. W. 279, same case by Supreme Court, 295 S. W. 1091.

The record discloses that the trial court correctly determined that the condemnation proceeding was in all things according to the Constitution and the statute, and that the State of Texas had acted properly under the condemnation proceedings in this case.

The question of the trial court in sustaining the plea in abatement filed by the state highway department and the Acting Attorney General becomes immaterial in view of our holding above.

The question presented as to whether or not the jury commissioners had acted on proper evidence in making their award cannot be considered by us. This action is not in the nature of an appeal from the action of the commissioners in awarding damages to appellant; hence we have no jurisdiction to consider such question. That relates to matters which should have been raised on the trial and presented to this court by a regular appeal from such judgment.

We have considered all assignments of error, and, having found no reversible error, we affirm the judgment of the trial court.

HALL, C. J. -

I respectfully dissent from the action of the majority in affirming the judgment of the trial court.

The plaintiff's petition in the court below sought to restrain the members of the highway commission, R. L. Bobbitt, Attorney General, Gib Gilchrist, state highway engineer, and Callahan, Coffey, and Carpenter, alleged to be a special commission appointed by the county judge of Gray county, from opening a road through his premises and condemning his land for state highway purposes. In his petition he alleges that the defendants are abusing their discretion in certain particulars, and attacks the Act of the Forty-First Legislature, Third Called Session, chapter 10, page 243 (Vernon's Ann. Civ. St. art. 6674n), under which the highway commission was proceeding, as being unconstitutional and void; that no effort has been made by defendants to agree with him upon the amount of his damages. It is further alleged that appellant was not given an opportunity to agree upon commissioners, and that defendants and the county judge have acted unfairly and in effect fraudulently in appointing the commissioners. It is further alleged that defendants have failed to comply with certain jurisdictional requirements of the statutes. He reviews the history of this act, and, if he is correct in his contention, the state highway commission has no right whatever to institute and prosecute the proceedings which he seeks to enjoin. In my opinion, this is not a suit against the state of Texas, which requires the consent of the state before it can be maintained, but, according to his allegations, the members of the highway commission, with the Attorney General and other defendants, are acting without authority, and are attempting to condemn his land under a void statute and contrary to the constitutional provisions, and are abusing their authority, and they are therefore trespassers, and the case does not come within that line of authorities which prohibits the individuals from suing the state without the consent of the latter. Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162; Benat v. Dallas County (Tex. Civ. App.) 266 S. W. 539; Gulf Coast Irrigation Co. v. Gary (Tex. Com. App.) 14 S.W.(2d) 266, 270; Wilson v. Donna Irrigation District (Tex. Civ. App.) 8 S.W.(2d) 187, 189; O'Keefe v. Hudspeth County (Tex. Civ. App.) 25 S.W.(2d) 625.

That state officers, when acting under a void statute or exceeding their powers, may be sued, and that an action against them is not a suit against the state which requires legislative consent, is well established. Cochran v. Cavanaugh (Tex. Civ. App.) 252 S. W. 284; Stanley v. Schwalby, 85 Tex. 348, 19 S. W. 264; Lossing v. Hughes (Tex. Civ. App.) 244 S. W. 556; Conley v. United Daughters of Confederacy (Tex. Civ. App.) 164 S. W. 24; Imperial Sugar Co. v. Cabell (Tex. Civ. App.) 179 S. W. 83; Philadelphia Co. v. Stimpson, Secretary of War, 39 U. S. (14 Pet.) 448, 10 L. Ed. 535; 36 Cyc. 917.

The judgment first sustains the plea of the highway commission and Gilchrist and Bobbitt, and dismisses them from the suit, and further recites:

"The Court after hearing the pleadings, evidence and argument of counsel finds that the law and the facts are with the defendants, and is of the opinion that the temporary restraining order heretofore entered herein should be in all things dissolved as prayed for in defendants' answer, and,

"It is, therefore, ordered, adjudged and decreed that the temporary restraining order heretofore issued on the 9th day of June, 1930, be and the same is hereby in all things dissolved, and,

"The Court is further of the opinion that the temporary injunction prayed for by plaintiff be denied,"

—and the judgment further continues the temporary restraining order in effect, pending the appeal.

It will be seen that the judgment in effect disposes of all the material issues in the case, of which the court could have jurisdiction, and is in effect a final judgment.

The court first granted a temporary restraining order on June 9, 1930, and set the hearing for five days later. There was no prayer for a restraining order, so it was improperly granted. But, there having been a hearing of the application for temporary injunction, the error is harmless.

The proceedings are the same as in James v. E. Weinstein & Sons (Tex. Com. App.) 12 S.W.(2d) 959, 960, where it is said:

"It seems that the trial judge, upon presentation of this petition, required a hearing to be had before granting a writ of injunction and entered an order setting the same down for hearing on August 30, 1927, being the day after the petition was filed. It also appears that a trial was had on the 30th, the parties defendant having filed their respective answers without the necessity of the usual notice being served upon them. On this hearing, the trial judge did not confine his decree to determining the issues as to whether a temporary injunction should be issued, but decided the case on its merits, filing findings of fact and conclusions of law and effectually disposing of the entire controversy. * * *

"Plaintiff in error insists that the hearing was one on the application for a temporary injunction, and not a final trial, and therefore the trial court was without authority to decide the case on its merits; that it had no right to effectually dispose of all the issues in the case on this character of hearing. While defendants in error contend that the hearing was not before the judge in chambers, but was a trial by the court on the issues presented; hence it was entirely proper to finally dispose of the questions involved.

"The petition, as before stated, was filed on August 29, and the statement of facts shows that the hearing held was begun on the following day. The judgment which purports to be a final one was rendered September 14, 1927. It contains the following recital:

" 'Plaintiff's petition for injunction having been presented to the court in the above entitled and numbered cause, and same having been set down for hearing by order of the court, all parties appearing in person or by attorney, and evidence having been fully heard on the merits of such application and the law having been presented by the attorneys for the respective parties to the court for his consideration,' the court is of the opinion and finds as follows,' etc.

"This recital, taken in connection with the plaintiffs' prayer for the immediate issuance of a temporary injunction, shows clearly that the hearing held by the court was a preliminary one before the judge and not a trial before the court. * * *

"The law is well settled in this state that the purpose of the issuance of a temporary injunction is to maintain the status quo in regard to the matter in controversy, and not to determine the respective rights of the parties under the cause of action asserted or defenses urged. Stolte v. Karren (Tex. Civ. App.) 191 S. W. 600; Crossman v. City of Galveston, 112 Tex. 303, 247 S. W. 810 [26 A. L. R. 1210]; City of Texarkana v. Reagan, 112 Tex. 317, 247 S. W. 816; Lane v. Jones (Tex. Civ. App.) 167 S. W. 177; Galveston & W. R. Ry. Co. v. City of Galveston (Tex. Civ. App.) 137 S. W. 724; 22 Cyc. 740; Joyce on Injunction, § 109.

"If the effect of the granting of a temporary injunction does more than preserve the status of the property as it had theretofore existed, and accomplishes the whole object of the suit, it would be improper for the court to grant same, as the legitimate purpose of the temporary injunction is merely to preserve the existing condition until a final hearing can be had on the merits. The court is without authority to divest a party of property rights without a trial and any attempt to do so is void. 1 Beach on Injunction, p. 128; Calvert

v. State, 34 Neb. 616, 52 N. W. 687; Arnold v. Bright, 41 Mich. 207, 2 N. W. 16."

In Welsh v. Carter (Tex. Civ. App.) 30 S.W. (2d) 354, 355, it is said:

"Four propositions for reversal are contained in appellants' brief, each of which presents an interesting question of law, but only one of which we find it necessary to consider. This proposition reads as follows:

"'When a temporary injunction would have the force and effect of accomplishing the whole purpose of the suit, without a trial upon the merits, the same should be refused.'

"That is a correct proposition of law, which is applicable to the case before us. * * *

"'An interlocutory or preliminary injunction is a provisional remedy granted before a hearing on the merits, and its sole object is to preserve the subject in controversy in its then existing condition, and without determining any question of right, merely to prevent a further perpetration of wrong or the doing of any act whereby the right in controversy may be materially injured or endangered, until a full and deliberate investigation of the case is afforded to the party. This is so whether the injunction is prohibitory or mandatory. * * * Ordinarily, where the issuance of a preliminary injunction would have the effect of granting all the relief that could be obtained by a final decree and would practically dispose of the whole case, it will not be granted.'

"Many Texas cases are cited in support of the text, including the following: Dallas Hunting, etc., Club v. Dallas County Bois D'Arc Island Levee Dist. (Tex. Civ. App.) 235 S. W. 607; Oil Lease, etc., Syndicate v. Beeler (Tex. Civ. App.) 217 S. W. 1054; John Dollinger, Jr., Inc., v. Horkan (Tex. Civ. App.) 202 S. W. 978; I. & G. N. Ry. Co. v. Anderson County (Tex. Civ. App.) 150 S. W. 239; Id., 106 Tex. 60, 156 S. W. 499; Allen v. Knox (Tex. Civ. App.) 195 S. W. 1169.

"Many cases could be added to this list, including the following: S. W. Tel. & Tel. Co. v. Smithdeal, 104 Tex. 258, 136 S. W. 1049; Galveston & W. Ry. Co. v. City of Galveston (Tex. Civ. App.) 137 S. W. 724; Ort v. Bowden (Tex. Civ. App.) 148 S. W. 1145; City Council of Fort Worth v. Fort Worth Associated Master Plumbers & Heating Contractors, Inc. (Tex. Civ. App.) 8 S.W.(2d) 730; James v. Weinstein & Sons (Tex. Com. App.) 12 S.W.(2d) 959, 960; Rogers v. Day (Tex. Civ. App.) 20 S.W.(2d) 104." Duncan v. Boyd (Tex. Civ. App.) 288 S. W. 281.

I think the trial court erred in sustaining the plea of the state highway commission and the Attorney General and dismissing them from the case because they were necessary parties defendant, and for the further reason that a decision of that matter is improper in a proceeding and hearing for a temporary injunction only, since it finally disposes of the case as to them. I am also of the opinion that, since the petition attacks the constitutionality of the very acts of the Legislature under which the defendants are proceeding in their effort to condemn his land, under the rule of the "balance of convenience," the temporary injunction should have been continued in force pending a final disposition of the case. Burrell v. Michaux (Tex. Com. App.) 286 S. W. 176.

The rule is announced in 32 C. J. 79, § 65:

"On an application for a preliminary injunction, the court, in the exercise of its discretionary powers, will consider what is commonly described as the balance of convenience, that is to say it will consider whether a greater injury would be done by granting the injunction than would result from a refusal thereof. If it is shown that the refusal of the injunction would cause complainant great inconvenience and injury, and that the granting thereof would result in but little injury or inconvenience to defendant, the court will ordinarily grant the injunction, although complainant's rights may be doubtful or not clearly established. But on the other hand, a temporary injunction will usually be denied in a doubtful case where the granting of it would cause greater detriment to defendant should he ultimately prevail than would be caused to complainant by its refusal if he should ultimately prevail. The doubt may relate either to the facts or the law of the case or both."

The fact that there are other streets which the public can use as a highway takes that issue out of the case. I think the record conclusively shows that the balance of convenience is in Watts' favor, and the judge evidently thought so too, as is indicated by his order in continuing the injunction in force pending the appeal. "If more damage is likely to result from granting a temporary injunction than by refusing it, it should not be granted; but any doubt as to whether greater injury will result in refusing than in granting it should be resolved in favor of the plaintiff." Matagorda Canal Co. v. Markham Irr. Co. (Tex. Civ. App.) 154 S. W. 1176; Rosenfield v. Seifert (Tex. Civ. App.) 270 S. W. 220, 223, holding also that all that is required to warrant granting a temporary injunction is a case of probable right and danger to that right, unless the injunction is granted. City of Beaumont v. Sam's Loan Office (Tex. Civ. App.) 4 S.W.(2d) 586; Snow v. Bostrom (Tex. Civ. App.) 21 S.W.(2d) 582.

In my opinion, the judgment should be reversed in all things and here rendered, maintaining the status quo by temporarily restraining the defendants from opening and constructing the highway through Watts' land, pending a hearing upon the merits.

I think the appointment of commissioners is void under article 6674n and chapter 2, title 116, R. S. 1925; O'Keefe v. Hudspeth County (Tex. Civ. App.) 25 S.W.(2d) 625.

Whether the status quo should be maintained was the only question properly before the trial court, and it follows that it is the sole question we should decide.