**FORD RENT CO., Inc., v. MAYFAIR TAXICAB CO. et al.**

**No. 12366.**

Court of Civil Appeals of Texas. Dallas.

Nov. 28, 1936.

Rehearing Denied Dec. 19, 1936.

Renfro, McCombs & Kilgore and Wm. Andress, Jr., all of Dallas, for appellant.

Earl E. Miller, of Dallas, for appellees.

BOND, Justice.

The appellant, Ford Rent Company, Inc., instituted this suit in a district court of Dallas county against the appellees, Mayfair Taxicab Company, Inc., and C. C. Kenner, seeking a permanent injunction to restrain the use of distinctive colorings and markings of taxicabs and telephone by appellees, as constituting "unfair competition," and further seeking the immediate issuance of a temporary writ of injunction, "restraining and enjoining the defendants (appellees herein) and each of them, their servants, agents, employees and representatives, from driving or operating taxicabs within the City of Dallas, painted, marked and outfitted so similarly to those of the plaintiff (appellant herein), as to be confusing and misleading." This appeal is from an order of the district judge, refusing to grant the temporary injunction.

Appellant's petition and the unchallenged findings of fact filed by the trial judge show that appellees are using similar colorings and markings in the painting of their taxicabs, and attaching thereto de-

vices employed by their business rival, Ford Rent Company, in order to mislead and confuse the traveling public to use appellees' taxicabs in the belief they are those of appellant.

The material facts found by the trial court are: That appellant has been in the taxicab business for more than twelve years, and, in 1931, began painting the body of its taxicabs black up to the molding and above that a light creamy color; and, in 1934, the appellees began painting their taxicabs black up to the molding and above that a light creamy color, so similar to that of appellant's taxicabs as not to be distinguishable, except by close inspection; that appellant installed on the cab of its automobiles what is known as a "cruising-light" and a small green bulb; later, appellees made similar installations upon the cab of their automobiles; and that appellant had acquired a telephone number 2—6464, and had the number branded on its taxicabs so as to enable the public generally to easily observe and remember that number; later, appellees acquired telephone number 2—5454, and likewise branded its taxicabs so as to make it difficult to distinguish its telephone number from appellant's telelphone number at a distance. In brief, the trial court found that the general appearance of appellees' taxicabs is such as to cause the casual observer and the public generally, when using ordinary observation, to believe the different taxicabs to be those of one and the same company.

■ The complaint here arises from the hearing of a temporary injunction, thus the court was governed by the rules of equity. A "temporary injunction" is a provisional remedy allowed before a hearing on the merits, with the sole idea in view to preserve the subject-matter in controversy in its then existing condition. In general, it is the duty of the trial court to refuse an application for a temporary injunction, when the effect of the order granting the writ would be to change or destroy the status quo of the subject-matter in controversy. James v. E. Weinstein & Sons (Tex.Com.App.) 12 S.W. (2d) 959; Welsh et al. v. Carter (Tex. Civ.App.) 30 S.W.(2d) 354; City of Farmersville v. Texas-Louisiana Power Co., 33 S.W.(2d) 272. Thus, the question is presented: Did the trial court abuse its discretion in entering the order from which the appeal is prosecuted? It is safe to say that sound discretion is always exercised by a trial court, in refusing or granting a temporary injunction, when the refusing or granting of the writ will or may result in material injury to or endanger rights of the party to the suit against whom the writ is directed, when a slight or no harm will or may likely result to the other party. The rights of the parties are not concluded by the refusing or granting of the temporary injunction by the trial court. It being an equitable proceeding, it is the duty of the trial court to guard the rights of the one most affected by the temporary order.

■ In the instant case, the harm or injury to appellant would be negligible, or slight, during the intervening time, until a final trial on the merits of the case could be had, as compared to that of appellees, had the temporary injunction been granted. We feel that the trial judge did not abuse his discretion in refusing to grant the injunction. Obviously, the granting of the injunction would have entirely changed the status quo of the subject-matter in controversy; destroyed appellees' taxicab business, temporarily, at least, or forced them to repaint their twenty-six automobiles, remove the cruising and sign devices on their cars, and change the telephone number with which the cars are branded; while, on the other hand, the refusal of the temporary injunction may have resulted in some confusion by the public and caused some injury to appellant. Indeed, in either case, the extent of such confusion or injury would be hard to ascertain and definitely determine.

We think appellees are entitled to a final hearing before a court or jury, on the question of their infringement on appellant's prior rights to the use of the distinctive colorings and markings of the taxicabs, and as to whether such infringement would likely mislead the public to use appellees' taxicabs on the belief they were using the taxicabs of appellant. The issuance of the temporary injunction would not have maintained the status quo of the controversy until a final hearing in the case, and we feel that the trial judge did not abuse his discretion in refusing the writ; hence the judgment of the lower court is affirmed.

Affirmed.