CITY OF DALLAS, Appellant,

v.

Joe PATTI, Appellee.

No. 15091.

Court of Civil Appeals of Texas.

Dallas.

Jan. 20, 1956.

Rehearing Denied Feb. 17, 1956.

H. P. Kucera, City Attorney; and Ted P. MacMaster and Fred W. Bankhead, Asst. City Attys., Dallas, for appellant.

McKool & Bader, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a temporary injunction in favor of appellee restraining appellant City of Dallas from "trespassing, entering upon, erecting or constructing any additional improvements, using and/or depriving the plaintiff of the use, benefit and enjoyment of any and upon any of the real property west of the present curb line on Foreman Street in Dallas, Texas, which is two feet inside the northeast property line of Lot 6, Block 1, City Block No. 1849 * * *." The lot in question is owned by appellee, Joe Patti.

The suit, instituted by appellee, is primarily an action for possession by appellee as alleged owner of a strip of land approximately 6.5 feet wide and 126.5 feet long, of which appellee alleges the City has dispossessed him. In addition to his request for a temporary injunction appellee prayed that possession of the premises be restored to him, and that he be granted a permanent injunction restraining the City as set out above.

Appellant City first answered appellee's application for a temporary injunction asserting that in this kind of a lawsuit a temporary injunction is not proper. Then answering to the merits, appellant pled a general denial, expressly denied that it has dispossessed appellee from property owned by appellee, and in the alternative pled a prescriptive right to the use and possession of the area for street purposes, pled that the City was in peaceful possession of the premises at the time suit was filed, had paved and built a curb on part of it before suit was filed, that either appellee or his predecessor in title had paid the paving assessment—which facts together with other facts amounted to a dedication of the disputed strip for street purposes, or an estoppel against appellee to deny a dedication.

The trial court heard evidence before granting the temporary injunction. In its order the court found that the City had constructed a concrete curb two feet inside Lot 6, owned by appellee; found also that the City was contending that it had a right of possession to three feet inside the property line of Lot 6; and found further that the City "has not acquired any right, title, interest or use in and to the three feet claimed by the defendant," and that by constructing the curb, appellant City had "deprived the plaintiff of the use, benefit and enjoyment of his said property." The temporary injunction restrained appellant City from trespassing, etc., as to any of the disputed land west of the curb.

Appellant's fourth, fifth, sixth, seventh, eighth, ninth and tenth points assert in substance that the trial court erred in granting the temporary injunction because it had the effect of accomplishing the whole purpose of the suit, because it transferred a peaceable but disputed possession of real property, because this is or ought to be an action in trespass to try title in which a temporary injunction is not proper, and because appellee has full, adequate and complete legal remedies.

We sustain the above named points. Appellant for some time had been in peaceable possession of the property. The temporary injunction should not have been granted because it disturbed the status quo and its effect, together with the findings of the court, was to grant appellee all the relief he might have obtained in a trial on the merits. James v. E. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959 (opinion adopted); Welsh v. Carter, Tex. Civ.App., 30 S.W.2d 354; 24 Tex.Jur. 140–141. Ordinarily temporary injunction is not a proper remedy in a trial of a right of possession of land. Under the circumstances of the case now before us, in which each of the disputants claims a right of possession, a suit in trespass to try title is proper and affords a full, complete and adequate legal remedy. City and County of Dallas Levee Imp. Dist. v. Carroll, 263 S. W.2d 307 (Ref. n. r. e.); Morgan v. Bran-

**666**

non, Tex.Civ.App., 95 S.W.2d 509; Morgan v. Smart, Tex.Civ.App., 88 S.W.2d 769; Allen & Yarbrough v. Texas & P. R. Co., Tex.Civ.App., 7 S.W.2d 1102; Hill v. Brown, Tex.Com.App., 237 S.W. 252; Stokes v. Riley, 29 Tex.Civ.App. 373, 68 S.W. 703; 41–A Tex.Jur. 532.

Appellant has presented other points but as the above holdings are decisive of the whole appeal we see no need to discuss the other points.

The judgment of the trial court is reversed and judgment is here rendered denying appellee a temporary injunction.