**PEOPLES TRUST CO., Appellant,**

v.

**Joe RIVERA et ux., Appellees.**

No. 13906.

Court of Civil Appeals of Texas.

Houston.

March 8, 1962.

William H. Scott, Jr., Houston, for appellant.

Herbert Finkelstein, Houston, for appellees.

WERLEIN, Justice.

This is an appeal from the order of the trial court granting a temporary injunction restraining appellant, Peoples Trust Co., its agents and employees, from instituting or going forward with any proceedings against appellees, who are husband and wife, for possession of the premises claimed by them as their homestead.

Appellees alleged in their sworn petition that on or about May 24, 1957 they entered into a written contract with Lumberman's Acceptance Corporation for the repair of their home, and that the work to be done was the consideration for that certain note executed by them on May 29, 1957, payable to Monterrey Brick & Lumber Corporation

in the sum of $2774.00, secured by said contract and also by a deed of trust, which note and lien were assigned to Lumberman's Acceptance Corporation and by it to appellant; that a dispute arose between appellees and said Lumberman's Acceptance Corporation over the performance of the work required by said contract, and appellees filed suit against said corporation and appellant, alleging that said corporation failed to perform the work in a good and workmanlike manner as it was obligated to do, and, in the alternative, was negligent in the performance thereof. Appellees recovered a judgment against said corporation for the sum of $2512.00 but took nothing in said suit as against appellant.

Thereafter at the instance of appellant, said property was advertised for sale under said deed of trust and sold to appellant. After the trustee's sale appellees brought the present suit to set aside the trustee's sale and deed and to have the note and contract in question declared usurious and the proper balance owing on the note determined by the court, and for a temporary injunction pending final hearing, enjoining proceedings to dispossess them.

Appellant asserts that the court erred in granting the temporary injunction because appellees are judicially estopped from attacking the trust deed in question; because appellees having elected to assert certain rights under the contract in question may not now seek to invalidate any part thereof; because the judgment in the previous suit involving the identical contract between the parties is res judicata as to the present cause of action; and because appellees have waived their present cause of action by failure to assert the same in the previous suit.

■ The law is well settled in this State that the granting or refusing of a temporary injunction is within the sound discretion of the trial court, and that the court's action will not be disturbed on appeal unless it clearly appears that the court has abused its discretion. Harding v. W. L. Pearson & Co., Tex.Com.App.1932, 48 S.W.2d 964; Southwestern Associated Tel. Co. v. City of Dalhart, Tex.Civ.App., 254 S.W.2d 819, error ref., n. r. e.; 24-A Tex.Jur. 382, Injunctions, § 265, and cases cited. The sole question before us is whether the trial court abused its discretion in granting the injunction.

■ The law is also well settled that the purpose of a temporary injunction is to maintain the status quo in regard to the matter in controversy until a final hearing can be had on the merits. T. D. Anderson v. Tall Timbers Corporation, Tex.Sup.1961, 347 S.W.2d 592; James v. E. Weinstein & Sons, Tex.Com.App.1929, 12 S.W.2d 959. In the instant case there can be no question that the temporary injunction granted merely prevents appellant from dispossessing appellees from their home and thus preserves the status quo until a final hearing can be had on the merits.

Appellant in its amended answer and cross-action has asserted a number of defenses involving judicial estoppel, res judicata, failure to assert their present cause of action against the defendant in the former suit, thereby waiving the same, and other defenses. Plaintiffs on the other hand, are contending that the note and contract in question are usurious; that appellees never acknowledged before a notary public the deed of trust creating a lien for improvements on their homestead; that appellant deliberately withheld notice of the sale of said property in order to defraud appellees and keep them from taking any steps to protect their interest in the property, and that they had paid $228.00 on the note in question and had exercised their option to apply such payment to principal, leaving an unpaid balance owing on the note of only $1597.00 although they had tendered $1621.00 to appellant.

It is thus seen that the pleadings of the parties in this case raise not only questions of law but also disputed fact issues, which

should be determined upon a final hearing on the merits of the case and not on a temporary injunction hearing.

We cannot say that the trial court abused its discretion in granting the temporary injunction in question. James v. E. Weinstein & Sons, supra; General Drivers, etc. v. Dallas County Const. Employers' Ass'n, Tex.Civ.App., 246 S.W.2d 677, error ref., n. r. e.; Dallas Independent School District v. Daniel, Tex.Civ.App., 1959, 323 S.W.2d 639, writ ref., n. r. e., and authorities cited; Texas Foundries Inc. v. International Moulders & Foundry Workers Union, 151 Tex. 239, 248 S.W.2d 460, 464.

Affirmed.