CITY OF TEXARKANA V. MRS. NELLIE REAGAN.

No. 3764.   Decided January 17, 1923.

(247 S. W., 816.)

**1.—Nuisance—Justiciable Question.**

Whether a building destroyed as a nuisance by city authorities was a nuisance was a justiciable question, determinable alone by the court and jury trying the case. The city was without authority to make the determination of that fact by the City Council, on hearing by them in accordance with its charter and ordinances, final and conclusive   Crossman v. City of Galveston, 112 Texas, 303, and Stockwell v. State, 110 Texas, 550, followed. (p. 322).

**2.—Same—Evidence.**

> In a suit for actual damages only, by the owner of a building destroyed as a nuisance by the city authorities, seeking to recover its value, the action of the City Council in finding it a nuisance was no warrant for its destruction. The burden of showing that it was a nuisance in fact was on the defendant city, to be shown by legal and competent evidence; and the proceedings of the Council in so determining were not admissible against plaintiff to show such fact.   (p. 323).

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Bowie County.

Mrs. Reagan sued the City of Texarkana.   Defendant had judgment except for an amount tendered.   On plaintiff's appeal the judgment was reversed and the cause remanded, and the city obtained writ of error.

*Wm. V. Brown,* and *Keenan & Dalby,* for plaintiff in error.

The City Council having been vested with power and authority to define and abate nuisances, by the Legislature, when it granted said city its special charter, and said provisions not being obnoxious to the Constitution of the State of Texas, the action of the City Council is and was due process of law.   Cities and towns operating under the general laws of the State of Texas also have authority to define and summarily abate nuisances.   Crossman v. City of Galveston, 204 S. W., 128; Local & Special Laws, Reg. and 1st called Session, 30th Leg., 1907, page 235; City Charter 1909, page 29, par. 130 (Tr. p. 6).

In the case at bar, the City Council not only passed an ordinance pursuant to its charter powers, and gave notice to appellant, but it had a hearing, in which witnesses were sworn and testified, gave an opportunity to the owner to be heard, and before any action whatever could be taken, a sworn complaint had to be and was filed, all of which is in the nature of a judicial proceeding.   Not only did the City Council do these things, but after judgment was rendered, adjudging appellant's house to be a nuisance, she, appellant, asked for more time or a stay of execution for three weeks, no longer, which was granted, and then she failed to do anything, so the judgment was carried out, in accordance with the ordinance and the power conferred under appellee's special charter.

On motion for rehearing:

As we understand the opinion of the court rendered in this cause, it decides that while the Legislature could have conferred the authority and power on the City Council to have decided that the building in question was a nuisance, still, this court holds that that power or authority was not conferred on the City Council.   In support of the proposition that municipalities have the authority or power to declare and to abate nuisances, we cite the following authorities:

Duncan Electric & Ice Co. v. City of Duncan, 166 Pacific, 1048; Baumgartner v. Hasty, 100 Ind., 575-567; 50 Am. St. Rep., 830; St. Louis v. Schnuckelberg, 7 Mo. App., 536-541; Joyce v. Woods, 78 Ky., 386-389; Harvey v. DeWoody, 18 Ark., 252-259; Baker v. Boston, 12 Pick., 184; 22 Am. Dec., 421-423; Burlington v. Stockwell, 5 Kan. App., 569, 47 Pac., 988; Salem v. Eastern Railroad Co., 98 Mass., 431-433, 96 Am. Dec. 650; Maguire v. Reardon, 183 Pacific, 303; Lawrence v. Nissen, 91 S. E., 1036.

In doubtful cases depending upon a variety of circumstances requiring judgment and discretion, the action of a municipality. in directing a thing to be a nuisance is conclusive. Harmison v. Lewistown, 153 Ill., 313, 38 N. E., 628, 46 Am. St. Rep., 893; Walker v. Jameson, 140 Ind, 591, 37 N. E, 402, 39 N. E., 869, 49 Am. Rep., 222, 28 L. R. A., 679-683.

*Chas. S. Todd, Thos. N. Graham,* and *W. T. Williams,* for defendant in error.

The holding of the trial court that the judgment of the City Council declaring the house a nuisance was *res judicata,* conclusive and binding on the court (Conclusion of Law, Tr. 25), and his consequent refusal to submit that issue to the jury though the testimony was sharply conflicting, was,—as practically conceded by the trial court in its "opinion,"—directly in the teeth of the well-considered decision of this Court in the case of City of Forney v. Munger, 210 S. W., 241.

This holding by this Court is fully supported by the authorities cited and by many others, and has been very recently affirmed and emphasized by our Supreme Court in the luminous opinion of Ch. J. Phillips in Stockwell v. The State, 110 Texas, 550.

The entire condemnation proceedings, judgment of the City Council and destruction of the house were illegal, wrongful and void because in violation of Article I, Section 17, of the Constitution of Texas.

This property was both taken and destroyed for public use or benefit of the Municipality of the City of Texarkana, Texas. It is conceded and found by the court that no compensation was first made or secured, and no compensation was ever tendered to appellant except the proceeds of the illegal sale of her property—$100— which was grossly inadequate and was refused by her. That it was taken and destroyed without her consent is manifest and undisputed.

We beg to refer the Court to the following cases most directly in point: Stockwell v. State, 110 Texas, 550; Railway Co. v. Eddins, 60 Texas, 663; Railway Co. v. Fuller, 63 Texas, 469, Railway Co. v. Hall, 78 Texas, 172; Cooper v. City of Dallas, 83 Texas, 239; Wright v. Daniels, 226 S. W., 477; Railway Co. v. Calkins, 79 S.

W. 852; Railway Co. v. Davis, 100 S. W., 1013; Settegast v. Railway Co., 87 S. .W., 197.

Mr. Chief Justice CURETON delivered the opinion of the court.

Prior to April 20, 1919, defendant in error was the owner of a frame building in the city of Texarkana, Texas, which she had owned for more than ten years. While she was absent, and without her consent, the City, plaintiff in error here, demolished the building and sold the lumber and material therefrom for $100, which it offered to her, but which was refused. She filed suit against the City in February, 1921, for the value of the building. The City defended on the ground that it had condemned and destroyed the building as a nuisance under its charter and ordinances. The trial court awarded defendant in error the amount tendered by the City. Defendant in error appealed the case and the Court of Civil Appeals reversed and remanded the cause. 238 S. W., 717. A writ of error was granted, and the case is here for review.

The special charter of the City authorized it "to declare all dilapidated buildings in said city to be nuisances and to direct the same to be repaired, removed, or abated in such manner as shall be prescribed by said council." Whether or not the city charter contained any other provision authorizing the City to define and abate nuisances, we are unadvised, except by the finding of the trial court, that the City was duly authorized by its charter to define and abate nuisances, as well as to declare all dilapidated buildings to be nuisances. This finding of the trial judge obviates the necessity of passing on the validity of the charter provision quoted, but certainly this provision ought to be re-examined by the City authorities, in view of the holding made by this Court in the case of Crossman v. City of Galveston, this day decided, but not yet reported. (112 Texas, 303, 247 S. W., 810).

The ordinance relied upon by the City as authority for the destruction of the building reads as follows:

"An Ordinance declaring buildings which are in any or all of the conditions defined herein to be a nuisance, providing for a method of adjudging the same to be nuisances and providing for the abatement of same, and declaring an emergency.

"Be it ordained by the city council of the city of Texarkana, Texas:

"Sec. 1. That any building as described and defined herein below shall be, and the same are hereby declared to be a public nuisance:

"(a) Any building with roof, ceiling, floors, sills and foundations rotted or decayed and falling apart, windows out, uninhabitable and untenable, neglected and unsightly.

"(b)   Any building in danger of falling and injuring the person or property of another.

"(c)   Any building which is a fire menace, to-wit, by being in a dilapidated condition as fully described in subdivisions (a) and (b) hereof, and which has an accumulation of rubbish and trash which is likely to become a fire or be set on fire in and around said building and endanger the property of others.

"(d)   Any building which is in the condition or conditions described in subdivisions (a) and (b) and (c) which is damp and in an unsanitary condition, which is likely to create disease and sickness.

"Sec. 2.   Upon complaint being made under oath by any reputable citizen, and filed with the City Council, through the City Secretary, complaining that a certain building is in any of the conditions or all of them defined in paragraph one (1) hereof, the City Council will set a day not less than ten, nor more than 20 days distant at which time a hearing will be had to determine the truth or falsity of the allegations of said complaint, and witnesses may be summoned and shall testify as to the condition of the building complained of, and all matters alleged and complained of in the complaint.

"Sec. 3.   When the date for hearing provided for in paragraph two (2) hereof is set, the owner of said building complained of shall be notified of the action of the City Council at least ten days before said date set for the hearing herein provided for, and shall be requested to appear and show cause why said building should not be adjudged a public nuisance and abated in accordance with the provisions of this Ordinance.   The owner of said building shall be entitled to appear in person, by counsel, or both, and shall be entitled to have witnesses summoned and examined in his behalf.

"Sec. 4.   Notice shall be deemed sufficiently given if served upon the owner in person by a peace officer of the City of Texarkana, Texas, if the owner be a nonresident of the City of Texarkana, Texas, then such notice shall be deemed sufficient if given by mailing such notice by registered letter to the last known address of the said owner, and the ten days time required herein for notice to be given shall commence to run one day after the posting of the letter herein provided for.

"Sec. 5.   If after the hearing provided for in paragraph 2, the City Council shall by a three-fifths vote declare that the said building complained of is a public nuisance, the City Council shall order said nuisance abated, by ordering the same torn down under the supervision of the City Engineer, who shall be authorized to sell the same after so torn down, to the highest bidder for cash, after advertising the sale for ten days prior to said sale in some newspaper published in the City of Texarkana, Texas, and the proceeds of such sale shall

112 Tex.—21

go first to the satisfaction of the cost of tearing down, advertising and selling said building, and the remainder, if any, will be paid to the owner of said building.

"Sec. 6. If after the hearing provided for, the complaint and the facts alleged therein are sustained, the owner of such building immediately appears before the City Council, and agrees to put said building in a stable, satisfactory and sanitary condition within 30 days, then, and in that event, the City Council may grant and allow such owner such 30 days in which to do so, and after the expiration of the 30 days, the City Council may hear proof as to whether said building has been placed in a stable, satisfactory and sanitary condition, and if it finds that said building has not, then the City Council shall order the city engineer to have same torn down after ten days from said second hearing."

Complaint was made by two citizens of Texarkana, to the effect that defendant in error's building was a nuisance substantially within the definition set forth in Section 1 of the ordinance quoted above; whereupon the building was condemned and destroyed, the ordinance being complied with in all material respects, unless we should say that the notice should have been served upon defendant in error's husband as well as herself, a question which is unimportant at this time.

The trial court concluded that the order of the City Council finding that the building was a nuisance and ordering its abatement was conclusive, in fact *res adjudicata,* and that further inquiry as to the question of nuisance was precluded. Among other findings made by the trial court was the following:

"I find that the evidence on the trial of this case upon the question of the condition of said house, and whether or not it constituted a nuisance, was sharply conflicting,—but sufficient to warrant the judgment of the City Council,—and should have been submitted to the jury, as requested by plaintiff's counsel in argument, but for the conclusion of the court, as a matter of law, that the hearing before the City Council, and its judgment condemning said property was *res adjudicata* and conclusive and binding on this court."

This case is controlled by the opinion of this Court in the case of Crossman v. City of Galveston, *supra.* Under that case and the authorities there cited, neither the Legislature nor the City Council can by a declaration make that a nuisance which is not in fact a nuisance; and the question as to whether or not the building here involved was a nuisance, was a justiciable question, determinable alone by the court or jury trying the case. Crossman v. City of Galveston, (112 Texas, 303, 247 S. W., 810.) not yet reported, and authorities there cited; Stockwell v. State, 110 Texas, 550, 554, 12 A. L. R., 1116, 221 S. W., 932.

The ordinance makes final the determination of the City Council on the question as to whether or not the building under investigation is a nuisance. This the City was without authority to do, and this ordinance, in so far as it makes final the orders of the City Council declaring the building a nuisance and ordering its summary abatement, is void.

If the building was in fact a nuisance, the City may defend on that ground, but its own definition of a nuisance, set forth in its ordinance, is not conclusive and binding on the courts. The question as to whether or not the building is a nuisance remains a justiciable question. Authorities *supra*.

The action of the City Council with reference to this building was no warrant for its destruction, and the proceedings of the City Council leading up to the destruction of the building are not admissible in evidence in favor of the City in a suit for actual damages only.

Whether or not the building here in controversy was in fact a nuisance, is to be established by legal and competent evidence, in the same manner as any other fact, and the burden is upon the City to do this. Crossman v. City of Galveston, *supra*, and authorities there cited.

Upon another trial of the case the issue will be whether or not the destroyed building was at the time and under the circumstances in fact a nuisance; and if it was not, then defendant in error is entitled to recover its value as it existed before destruction. If the finding should be that the building was a nuisance in fact, then the defendant in error is entitled only to the reasonable value of the material therefrom after its demolition, less the reasonable cost of the abatement of the nuisance. 28 Cyc, p. 756.

The judgment of the Court of Civil Appeals is affirmed.

*Judgment of Court of Civil Appeals reversing and remanding case affirmed.*