**CITY OF DALLAS, Appellant,**

v.

**C. K. WILSON, Appellee.**

**No. 20262.**

Court of Civil Appeals of Texas, Dallas.

June 26, 1980.

Rehearing Denied July 23, 1980.

Carroll R. Graham, Jan W. Fletcher, Asst. City Attys., Dallas, for appellant.

Paul J. Chitwood, Dallas, for appellee.

Before ROBERTSON, CARVER and STOREY, JJ.

CARVER, Justice.

The City of Dallas appeals from a judgment in favor of C. K. Wilson for $10,000 damages for the demolition of a structure on Wilson's property. We reverse because the jury found the structure was a nuisance in fact which justified the city's demolition, and we render judgment for the city because the undisputed record reflects that the value of the materials from the demolition did not exceed the cost of demolition.

Prior to January 1976, Clinton K. Moseley owned a residential structure on Sycamore Street in Dallas which was subject to a lien in favor of C. K. Wilson. The City of Dallas is a "home-rule city." Tex.Rev.Civ.

Stat.Ann. art. 1175 § 36 (Vernon Supp. 1980)[1] states:

> A home-rule city may adopt an ordinance which requires the demolition or repair of buildings which are dilapidated, substandard, or unfit for human habitation and which constitute a hazard to the health, safety, and welfare of the citizens. The ordinance must establish minimum standards for continued use and occupancy of structures, and these standards shall apply to buildings regardless of when they were constructed. The ordinance must provide for proper notice to the owner and a public hearing. After the hearing, if the building is found to be substandard, the city may direct that the building be repaired or removed within a reasonable time. After the expiration of the allotted time the city has the power to remove the building at the expense of the city and assess the expenses on the land on which the building stood or to which it was attached and may provide for that assessment, the mode and manner of giving notice, and the means of recovering the removal expenses.

The city, pursuant to the foregoing authority, enacted an ordinance entitled "Urban Rehabilitation Standards Ordinance," Dallas City Code, Chapter 27, which is not challenged as inconsistent with the statutory authority. After notice to Moseley and a public hearing before the Urban Rehabilitation Standards Board (established by ordinance), which Moseley attended, the Sycamore Street structure was found to be "substandard" and the city directed that the building be repaired or removed within a specified time not challenged as unreasonable. The record reflects that the hearing was held on February 11, that the Board's order was dated February 17, and that a copy was actually received by Moseley on February 20 by registered mail. The Board's order stated in its formal part:

1) You are granted a period of 10 days dating from the receipt of this notice in which to make application for a building permit, authorizing performance of the work required to put this property into compliance with applicable codes and ordinances of the City of Dallas.

2) You are granted a period of 120 days after issuance of that permit in which to have substantially completed the work as described in item 1) above.

3) In event of your failure or refusal to perform the work as described above, within the time provided in each instance, then and in that event the improvements at this location are ordered to be demolished.

On May 4, 1976, Wilson's lien on the Sycamore Street property was foreclosed and Wilson succeeded to Moseley's ownership. Wilson testified that at the time "I took it back" he talked to Moseley who told him of the Board's order and time limits. When asked what action he took to cure the structure's deficiencies, Wilson responded that, "No, I didn't do nothing." Actual demolition occurred on October 20, 1976, and the cost of demolition exceeded the value of the materials therefrom. Upon trial of the case to a jury, a verdict was returned finding that (1) the structure demolished was a nuisance, (2) that the structure could have been repaired without substantial reconstruction, and (3) the value of the structure was $10,000.

Upon this verdict, the trial court rendered its judgment for Wilson for $10,000. Wilson insists the trial court was correct because in *Jones v. City of Odessa*, 574 S.W.2d 850 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.) the court held that "the burden of proof was on the City to prove, after destruction of the property, that the residence was in fact a nuisance, and that defects could not have been corrected without repairs which amounted to substantial reconstruction." Wilson argues that since, in our case, the city secured a finding of nuisance in fact but failed to secure the additional required finding negating practical repairs, he is entitled to the full value of the demolished structure as found by the jury. We disagree. Upon examination of

1. Formerly Tex.Rev.Civ.Stat.Ann. art 1175 § 36 (Vernon 1963).

*Jones* we find the quotation as cited by Wilson but we do not reach the result Wilson urges. In *Jones*, as in our case, there had occurred the administrative hearing which determined the existence of a nuisance and a reasonable time to cure was given the owner. The owner did nothing, the city demolished, and the owner sued for damages. The city secured jury findings of nuisance in fact and a finding negating practical repair, apparently being under the impression that both such findings were necessary. *Jones* correctly affirmed the trial court since all issues submitted were found in the city's favor by the jury but justified the affirmance by the quoted language as if a finding "that defects *could* have been repaired without repairs which amounted to substantial reconstruction" would have reversed the case. Such a prospect may be demonstrated to be in error, as can Wilson's contention in our case, by examining the authorities on which the *Jones* opinion relies.

■ *Jones* cites *City of Houston v. Lurie,* 148 Tex. 391, 224 S.W.2d 871 (1949) and *City of Texarkana v. Reagan,* 112 Tex. 317, 247 S.W. 816 (1923). *Lurie* holds that, where a city files suit against the owner of a structure to declare the structure a nuisance in fact and to secure a judicial abatement, the issues and remedies are: (1) nuisance in fact?—if No, then judgment for the owner or if Yes, jury must answer the next issue; (2) could defects be cured without substantial reconstruction?—if Yes, then the court to withhold demolition and give the owner a reasonable time to effect repairs or if No, then court orders demolition. *Reagan* holds that, where the city institutes an administrative proceeding to both declare the nuisance and to give the owner a reasonable time to cure, demolition thereafter by the city followed by the owner's suit for damages present the following issues and remedies: (1) nuisance in fact?—if No, then judgment for the owner for the full value of the demolished structure as found by the jury or if Yes, then the city's demolition was justified yet the owner is entitled to the materials produced by the demolition but is subjected to the reasonable cost of demolition. The distinction between a *Lurie* case and a *Reagan* case lies in the opportunity to cure. If a city sues, then the opportunity to cure, where practical, is a part of the court remedy on appropriate findings. If the owner sues, then, since the earlier administrative proceedings have already offered (and the owner has declined) the opportunity to cure, the court proceedings need not repeat the opportunity. In *Jones*, and in our case, the opportunity to cure had been tendered and refused in the administrative proceeding and had no place in a subsequent suit by the owner for damages. We hold that in our case, on the authority of *Reagan*, that the jury's finding of nuisance in fact of the demolished structure and the absence of any value in the materials in excess of the cost of demolition, require that judgment be rendered that Wilson take nothing.

■ Our opinion has addressed the rights of the "owner" and the "city" because the authorities examined consistently involve these parties whether in a *Lurie* or *Reagan* type case. We have not been cited to, nor has our search discovered, a case where a lien holder, such as Wilson, succeeded to the owner's position between the first assertion of nuisance by a city and the conclusion of litigation to determine nuisance in fact and the granting of remedies. In our case, Wilson succeeded Moseley with admitted actual knowledge of the Urban Rehabilitation Board's order and time limits, but Wilson chose to do nothing. Moseley had been given 120 days to act in the Board's order and Wilson had more than 120 days to act between May 4, when the foreclosure vested title in Wilson, and October 20 when demolition actually took place. We hold that Wilson is bound by the proceedings between Moseley and Board after Wilson's admitted full notice thereof. We hold that Wilson had a reasonable time to act to cure the structure's defects between May 4 and October 20. We hold that Wilson's failure to cure and the city's demolition then presented only *Reagan* issues to be tried in our case. We do not pass on a lien holder's rights under different circumstances.

Our record reflects that, just prior to actual demolition of the Sycamore Street structure, the city mailed another and "final" notice of demolition to Moseley, but not to Wilson who had been the new owner for about ninety days. Wilson urges that, because he did not get the second and "final" notice, we should treat this case as one where there was no notice or opportunity to cure similar to *Lurie*. We disagree. Neither our statute or the city's ordinance require a second or "final" notice prior to demolition and the second notice added nothing to the content of the earlier notice or to Wilson's knowledge thereof or inaction thereon. We conclude that the second notice was merely a last importunity to cure the nuisance that had existed many months and which Moseley and Wilson, each with notice and reasonable time limits, had failed to cure. We hold that because an additional notice of demolition is not required by statute or by city ordinance, the city's failure to send an additional notice to Wilson did not deprive Wilson of any legal right or impose upon the city any greater measure of damage than imposed by *Reagan, supra*.

Reversed and rendered that Wilson take nothing and all costs are assessed to Wilson.