**Cancido Ozuna GONZALES, Appellant,**

v.

**The CITY OF LANCASTER, Appellee.**

**No. 05–83–00693–CV.**

Court of Appeals of Texas, Dallas.

July 12, 1984.

Frank P. Hernandez, Kenneth E. Sanek, Dallas, for appellant.

Robert D. Hemphill, Dallas, for appellee.

Before AKIN, STEPHENS and SPARLING, JJ.

AKIN, Justice.

The City of Lancaster sued Candido Gonzales and Nancy Galbreath requesting the trial court to order the demolition of a dwelling. Gonzales occupied the dwelling under a contract for a deed from Galbreath, the record title owner. Galbreath defaulted and has not appealed. In answers to the special issues, the jury found that (1) certain hazardous conditions existed in the dwelling but that (2) they could be remedied without substantial reconstruction. On the City's motion, the trial court disregarded the second finding as not supported by the evidence and as immaterial. The court then ordered the demolition of the dwelling. Gonzales contends that the finding was both material and supported by the evidence. We agree. Accordingly, we reverse the judgment and remand with instructions.

## Standing

The City contends that Gonzales has no justiciable interest in the property because he had but a contract-for-deed. Thus, the city argues that he cannot complain of the order of demolition. The City did not raise this issue until after the jury verdict. Lack of standing must be raised in a written plea in abatement prior to trial

or the issue is waived. *Texas Industrial Traffic League v. Railroad Commission,* 633 S.W.2d 821, 823 (Tex.1982); *Sabine River Authority v. Willis,* 369 S.W.2d 348, 350 (Tex.1963).

### Prior Administrative Order

 The City introduced a condemnation order from its building officer, which was served on Gonzales prior to this suit. Gonzales neither vacated as ordered nor appealed the order. The City contends that this prior uncontested order is still valid, and, therefore, provides sufficient basis for the trial court's demolition order. We cannot agree. The City chose to file this suit which vacated the condemnation order, thus requiring a trial de novo. Furthermore, nuisance in fact is a judicial determination, which cannot be precluded by administrative decision. *City of Texarkana v. Reagan,* 112 Tex. 317, 247 S.W. 816, 817 (1923); *Jones v. City of Odessa,* 574 S.W.2d 850, 853 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.). The issue concerning substantial reconstruction is conditional on the finding of nuisance in fact. In suits initiated prior to demolition, the City *must* obtain a negative answer to this issue or allow a reasonable time for the hazardous conditions to be repaired. *City of Houston v. Lurie,* 148 Tex. 391, 224 S.W.2d 871, 877 (1949); *City of Dallas v. Wilson,* 602 S.W.2d 113 (Tex.Civ.App.—Dallas 1980, no writ). "If a city sues, then the opportunity to cure, where practical, is a part of the court remedy on appropriate findings." *Wilson,* 602 S.W.2d at 115; *see also, City of Waco v. Roddey,* 613 S.W.2d 360, 363 (Tex.Civ.App.—Waco 1981, writ dism'd).

### Sufficiency of the Evidence

 Gonzales contends that the court erred in disregarding the jury finding on substantial reconstruction because the evidence in support thereof was legally sufficient. On appeal from a judgment notwithstanding the verdict, the trial court should be affirmed only if there is no evidence of probative force to support the jury findings. All evidence must be considered in the light most favorable to the jury's findings, disregarding all contrary evidence. *Williams v. Bennett,* 610 S.W.2d 144, 145 (Tex.1980); *Berlow v. Sheraton Dallas Corp.,* 629 S.W.2d 818, 821 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). Because the City has the burden of proof on this issue, it must also show that the evidence in this case established as a matter of law that the repairs could not be made without substantial reconstruction. *Precipitair Pollution Control v. Green,* 626 S.W.2d 909, 911 (Tex.App.—Tyler 1981, writ ref'd n.r.e.); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Texas L.Rev. 361, 363–64 (1960); O'Connor, *Appealing Jury Findings,* 12 Hous.L.Rev. 65, 78–81 (1974). The City has failed to establish this as a matter of law.

 The jury found that the dwelling had inadequate sanitation, hazardous electrical wiring, inadequate plumbing, fire hazards, unsanitary premises, and inadequate maintenance. The City presented evidence as to the cost of repairing these defects which it contends establishes that the dwelling could not be repaired without substantial reconstruction. In this respect, the City argues that the evidence establishes that the costs of repairs would be 69% of the value of the dwelling. In arriving at this figure, the City took the minimum estimates for repairing each condition. The minimum estimate is appropriate since we must view the evidence in the light most favorable to the jury verdict. The figures given show a cost to repair of $3,500. The City provided expert testimony, uncontroverted by Gonzales, that the dwelling had a value of $8,700 less the costs of repair ($3,500), giving the dwelling a current value of $5,200. The costs of repair ($3,500) would then be 69% of the value of the dwelling ($5,200).

We first note that the City's computations are suspect. By subtracting the costs of repairs from the value of the dwelling prior to calculating the percentage, the City has taken the costs of repair into account twice. The proper method of calculation would be to compare the cost of repair ($3,500) to the value of the dwelling as

repaired ($8,700). The percentage then becomes 40%.

■ Secondly, the City has failed to prove its cost of repair as a matter of law. Opinion evidence does not establish any material fact as a matter of law. *Hood v. Texas Indemnity Insurance Co.*, 146 Tex. 522, 209 S.W.2d 345, 346 (1948). The jury can form its own opinion from other evidence and by utilizing its own experience and common knowledge. *Coffee v. City of Alvin*, 641 S.W.2d 597, 601 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). For instance, the expert testimony concerning the costs of repairing the inadequate plumbing could easily have been disregarded. The expert took into account the cost of replacing all of the plumbing even though he concedes that he only examined the fixtures and did not know if the rest of the plumbing actually needed replacing. We hold that the City has failed to carry its burden of establishing as a matter of law that the dwelling could only be repaired through substantial reconstruction.

Consequently, the trial court erred in disregarding the jury's finding on substantial reconstruction. Accordingly, the judgment of the trial court, ordering demolition, is vacated and the case is remanded with instructions that Gonzales be given a reasonable length of time in which to repair the hazardous conditions as found by the jury, prior to ordering demolition.