The STATE BANK OF
OMAHA, Appellant,

v.

William J. MEANS, Jr. and City of
Mount Pleasant, Appellees.

No. 9563.

Court of Appeals of Texas,
Texarkana.

Jan. 20, 1988.

Rehearing Denied Feb. 17, 1988.

James L. Clark, Naples, for appellant.

Sam W. Russell, Mount Pleasant, for appellees.

CORNELIUS, Chief Justice.

The State Bank of Omaha sued the City of Mount Pleasant for damages resulting from the city's demolition of two portable buildings on which the bank had a lien. A jury found that the buildings constituted a nuisance, and that their value was $14,000.00. The trial court refused to allow the bank a recovery and entered a take-nothing judgment. The bank appeals, arguing that it should have recovered the $14,000.00, which the jury found to be the market value of the buildings, and that the city's ordinance which authorized the demolition of the buildings is unconstitutional because it does not provide for notice to those holding liens on the property to be destroyed. We agree that the ordinance is unconstitutional as applied to the bank in this case, but we affirm the take-nothing judgment because the bank failed to request and obtain jury issues necessary to establish a proper recovery.

The city's ordinance authorizes the removal of structures which constitute nuisances.[1] It provides for notice and an op-

---

1. The city ordinance provides in pertinent part:

   All substandard buildings or structures within the terms of this article which shall constitute a menace to the health, morals, safety or general welfare of the occupants thereof or of the public are declared to be public nuisances and shall be ordered to be vacated, repaired or demolished as provided in this article.

   . . . .

   *NORMAL PROCEDURES:* Where an emergency does not exist, the following steps shall be taken to determine whether or not a building or structure is substandard and the action to be taken if said building or structure is determined to be substandard:

   1. After the reports have been filed, as set out in Sec. 34-20, the City Manager, or his agent, shall set a date for hearing the report by the City Council and the owner or owners of

portunity for hearing to the property owners, but does not provide for any notice to lienholders.

W.L. Means, Jr. owned three portable buildings in Mount Pleasant. The bank held a properly perfected and recorded security interest in the buildings. City officials, acting on complaints from citizens living near the buildings, determined that the buildings were dilapidated and constituted a nuisance as defined by the ordinance. Means was notified that he should bring the buildings to a condition which complied with the ordinance. When nothing was done about them, the city notified Means that it intended to declare the property a nuisance, and gave him an opportunity to attend a hearing to determine the issue. Means did not respond or attend the hearing. Means was given a final notice that the buildings would be demolished unless he responded. Again there was no response. The city then contracted with a Mr. Pruitt to demolish and remove the buildings. The demolition contract provided that Pruitt was to pay the city $50.00, and he could keep the materials. Before the demolition, Means' father requested the city's permission to purchase and remove one of the buildings. Permission was granted and that building was removed. The other two buildings were torn down and removed by Mr. Pruitt. Since Pruitt was not allowed to complete the full contract, he did not pay the city the $50.00, but took the salvageable materials as his compensation.

It is conceded that the city did not conduct a lien search, and neither it nor Means notified the bank of any proceedings pertaining to the buildings or of their proposed demolition.

The bank brought suit against Means on his note and against the city for damaging the collateral. After Means failed to respond to requests for admissions and to interrogatories, the court granted an interlocutory summary judgment against him and for the bank on the note. The bank's case against the city proceeded to a jury trial. Two issues were submitted: Did the buildings constitute a nuisance, and what was their value before their demolition? The jury answered yes to the nuisance issue and $14,000.00 to the value issue. No other issue was requested, and there was no objection to the charge.

■ The trial court properly refused to award the bank the $14,000.00 found by the

said building shall be given notice of such hearing.

(a) The notice shall be written and shall be directed to the person or persons shown by the tax rolls of the City and County to be the owner or owners of such building or structure. Said notice shall state the date, time and place of said hearing and cite the owner or owners to appear and show cause why such building or structure should not be declared to be substandard and why such owner or owners should not be ordered to vacate, repair or destroy said building or structure. A copy of the Building Inspector's report shall accompany the notice.

(b) Except as set forth in (c) below, a copy of said written notice shall be delivered either personally or by certified mail to said owner or owners, or an authorized representative thereof, if the same be known, and shall be so delivered not less than ten (10) days prior to the hearing.

(c) If notice cannot be given by delivery of a copy of said written notice, either personally or by certified mail, to said owner or owners, or an authorized representative thereof, then notice may be given by posting a copy of said written notice in a place of prominence on the building or structure in question at least ten (10) days before said hearing.

2. At the time and place stated in the notice of hearing, the City Council will hold said hearing and the owner or owners may make such presentation as he or they desire. After the hearing has been closed, the Council shall then make a final determination of whether or not such building or structure is a substandard building or structure. If the Council determines that the building or structure has the appearance of being abandoned or is uninhabitable, that it is not repairable, and that it constitutes a nuisance to the citizens of Mt. Pleasant, Texas, or a fire hazard to the surrounding property, said Council shall issue such orders as shall appear reasonably necessary to prevent the building or structure from being a hazard to life or property and to eliminate the substandard qualities of the building or structure including but not limited to:

(a) Order demolition of said building by the owner; or

(b) File suit in the appropriate Court seeking an order declaring the building or structure a nuisance or fire hazard and directing its demolition; or

(c) Order the owner to proceed to make repairs.

jury as the property's value. The proper recovery by the owner of property demolished after it has been judicially determined to be a nuisance is the reasonable value of the material therefrom less the cost of abating the nuisance. *City of Texarkana v. Reagan,* 112 Tex. 317, 247 S.W. 816 (1923); *City of Dallas v. Wilson,* 602 S.W. 2d 113 (Tex.Civ.App.—Dallas 1980, no writ); *Joseph v. City of Austin,* 101 S.W.2d 381 (Tex.Civ.App.—Austin 1936, writ ref'd). The jury having found that the property was a nuisance, and it being undisputed that the cost of abatement and removal of the nuisance equaled or exceeded the value of the materials therefrom, there was no basis in the jury findings for a recovery. The bank argues that since the city failed to object to the value issue, judgment should have been entered for the $14,-000.00. We disagree. There was no need to object to the value issue, as it was not improper. The issue became immaterial, however, when the jury found that the property was a nuisance, and the undisputed evidence showed the cost of abatement equaled or exceeded the value.

We agree that the ordinance as applied in this situation violated the bank's right to due process as guaranteed by the United States and Texas Constitutions,[2] but we find that the bank was not entitled to a recovery because it did not request or obtain jury findings on the proper element of damages.

 At a minimum, procedural due process or due course of law requires that a party be given reasonable notice and an opportunity to be heard with regard to any proceeding which may directly or adversely affect his legally protected interests. *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *City of Waco v. Roddey,*

613 S.W.2d 360 (Tex.Civ.App.—Waco 1981, writ dism'd); 16C C.J.S. *Constitutional Law* § 982, at 317-18 (1985). A mortgage is a substantial property interest that is entitled to the constitutional protection of due process. *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). In Texas a security interest is an interest in personal property or fixtures which secures the payment or performance of an obligation, and is the equivalent of a chattel mortgage. Tex.Bus. & Com.Code Ann. § 1.201(37) (Vernon Supp.1988). The destruction of all or a part of collateral securing a debt will defeat or severely impair the value of the mortgage.

If the bank had been afforded the notice required by due process, it would have had the opportunity to have the buildings repaired to cure their deficiencies so that they complied with the ordinance and no longer constituted a nuisance. *City of Texarkana v. Reagan,* supra; *City of Dallas v. Wilson,* supra. Thus, even though the buildings were found to be a nuisance, the bank's lack of notice and opportunity to bring them into compliance could have damaged it if the buildings' value exceeded the cost of repairing them. *City of Dallas v. Wilson,* supra. To recover those damages, however, the bank had the burden to secure a finding on the amount necessary to bring the buildings into compliance. Having failed to request an issue on that ground of recovery, the bank waived it and there is no basis on which to award it damages. Tex.R.Civ.P. 279.

For the reasons stated, the judgment is affirmed.

---

2. U.S. Const. amend. XIV; Tex. Const. art. I, § 19. The bank also relies on Tex. Const. art. I, § 17 as rendering the ordinance unconstitutional. That section provides that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money;

...." Requirements that compensation be paid to owners of nuisances which are abated has been judicially engrafted on the statutes and ordinances authorizing such abatement. The fault with the ordinance here is not that it fails to provide for just compensation, but that it denies due process by failing to provide adequate notice and opportunity for hearing to lienholders.