**EMPLOYERS INSURANCE OF WAU-SAU, a Mutual Company, Appellant,**

v.

**Vernon Dwayne HORTON, Appellee.**

**No. 6–90–0006–CV.**

Court of Appeals of Texas, Texarkana.

Aug. 14, 1990.

Second Motion for Rehearing Granted in Part Sept. 5, 1990.

Michael Sean Quinn, Kerry K. Brown, Zelle & Larson, Dallas, W.F. Palmer, Huffman and Palmer, Marshall, Jeff R. Boggess, Boggess & Davis, Irving, for appellant Employers Ins. of Wausau.

Jack Sanders, Jr., Marshall, William W. Kilgarlin, Powell, Popp & Ikard, Austin, for appellee Vernon Dwayne Horton.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

This is an appeal from two consolidated workers' compensation suits in which the

trial court rendered judgment for the worker, Vernon Dwayne Horton, against Employers Insurance of Wausau.

Wausau contends that the trial court denied it due process under the Fourteenth Amendment of the United States Constitution and under Article I, § 19 of the Texas Constitution by forcing Wausau to commence its case-in-chief at 7:52 p.m. to a jury that had already worked twelve hours that same day, by forcing Wausau to present its closing argument at 10:23 p.m. before a jury that had worked more than fourteen hours that same day, and by forcing the jury to commence deliberations at 10:55 p.m. and to continue deliberating until it produced a verdict, which did not occur until the jury had worked seventeen hours. Wausau also contends that the trial court denied the appellant equal protection under the Fourteenth Amendment to the United States Constitution and under Article I, § 3 of the Texas Constitution by allowing appellee to present its entire case-in-chief to a fresh and alert jury and by denying Wausau this opportunity by forcing it to present its case to a weary jury. Wausau further contends that the trial court denied the appellant its right to a meaningful jury trial under Article I, § 15 and Article V, § 10 of the Texas Constitution by forcing the jury to commence deliberations at 10:55 p.m. and continue deliberating until it produced a verdict.

Horton claimed disability resulting from two back injuries while working with Sysco Food System Inc. Separate claims were filed with the Industrial Accident Board and separate appeals were taken to the district court of Harrison County. The two suits were consolidated.

The jury was impaneled on October 30, 1989, and instructed to return to court to resume the trial on Wednesday, November 8, 1989, at 1:30 p.m. At the time the jury was selected, the court announced that "Friday is a Holiday so we've got to be through by Friday."[1] On November 8, 1989, the court reconvened at 1:45 p.m.,

and sometime before 5:00 p.m. the jury was instructed to return the next morning between 8:15 a.m. and 8:30 a.m.

On November 9, 1989, the trial court began by reminding the attorneys that the case must be concluded on that day. "Now, we really have to unfortunately get through somehow today or tonight, and it's going to be (sic) bind on everybody, but I spent yesterday evening trying to make arrangements and it's just impossible." The trial was recessed for an hour and a half for lunch, and dinner was later brought in for the jurors. At 7:52 p.m., Horton rested. The trial court then asked the defense counsel if he was ready to proceed. Wausau objected contending that

[i]t is now eight minutes until 8:00 o'clock p.m., and this Court has been in session continuously since 8:15 with the exception of one break for approximately an hour and a half from 11:30 to 1:00 o'clock this afternoon, and also for approximately thirty minutes recess about 7:15, and it is unfair to the Defendant and it is a violation of the Defendant's rights to due process, the Defendant's right to equal protection, to force the Defendant to begin putting on his case in chief after the Plaintiff has had the opportunity yesterday and today when the Jury members were fresh and were alert to force this Defendant to start on its evidence late at night after having worked almost twelve hours. We would object to it and we would respectfully request the Court to recess and convene at a later time to be determined by the Court.

THE COURT: Counsel, there is no later time. This Court case was specially set by agreement of the parties some time ago to begin yesterday at 1:30. The Court sympathizes with the Jurors particularly and with myself and with you and the other parties that we have to be here late, but it would be some number of weeks before we could continue and that's just an impossibility, so I'm going to direct your (sic) to proceed.

---

1. Friday, November 10, 1989, was not a State legal holiday. Only those days enumerated by the Legislature in Tex.Rev.Civ.Stat.Ann. art.

4591 are legal holidays on which public offices of the State may be closed. Saturday, November 11th was such a holiday (Veteran's Day).

Defense counsel then proceeded with his case by calling Susan Brewer and Anell Kilgore to testify and read a portion of the deposition testimony of Mike Hanson. Following the close of evidence, Wausau made its final argument. At 10:55 p.m., the jury retired to commence deliberation and at 1:15 a.m., the jury returned with its verdict.

The jury found that Horton did not receive an injury on July 1, 1988, while working in the course of his employment with Sysco. However, the jury found that Horton did receive an injury on September 30, 1988, while in the course of his employment and that the injury was a producing cause of permanent total disability. Additionally, the jury found $20,376.60 in reasonable medical expenses. The jury also found that Horton had good cause for failing to give notice within thirty days of his September 30, 1988, injury. The jury further found that the July 1, 1988 injury contributed 0% to Horton's incapacity. Based on the jury's findings, the trial court rendered judgment for Horton in the amount of $86,072.48 for compensation benefits and $18,449.00 for unpaid medical expenses.

■ Horton contends that Wausau did not properly preserve the contended errors because it did not object at each stage of the proceeding. Timely objections are required along with the specific ground of the objection to apprise the trial court of the exact nature of the party's complaint. The objection in this case was sufficient to inform the trial court that Wausau was complaining about the court's proceeding with the trial that night. Horton also contends that error was not preserved because Wausau failed to file a motion for continuance. A formal motion for continuance is not generally required for requesting a recess.[2] A recess is a temporary adjournment of a trial that occurs after the trial has commenced as opposed to a continuance which is generally a postponement of a trial.

■ Horton further contends that Wausau waived its objection by not making it at

the time the jury trial commenced because at that time the court had made it aware that the trial would have to be completed before Friday. To place this burden on Wausau would assume clairvoyance on its part in anticipating the amount of time that would be consumed by Horton's evidence.

■ All of the points of error complain of the denial of constitutional rights because of the weary jury. We have found no Texas cases directly in point on these contentions of violations of constitutional rights.

■ The duty to dispose of cases expeditiously does not mean that justice should be sacrificed on the altars of haste and efficiency. The trial court has a duty to schedule its cases in such a manner as to expeditiously dispose of them. For this reason, the court is given wide discretion in managing its docket and that discretion shall not be interfered with absent a showing of a clear abuse of discretion. *Clanton v. Clark*, 639 S.W.2d 929 (Tex.1982). The denial of a constitutional right, however, should always be construed to be an abuse of judicial discretion.

Procedural due process requires at a minimum that the deprivation of life, liberty or property by adjudication be preceded by notice and an opportunity for a hearing. *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). It is equally fundamental that the right to notice and the opportunity to be heard must be granted in a meaningful time and manner. *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Cunningham v. Parkdale Bank*, 660 S.W.2d 810 (Tex.1983); *State Bank of Omaha v. Means*, 746 S.W.2d 269 (Tex.App.-Texarkana 1988, writ denied). Wausau does not contend that it did not receive notice but rather that it was denied an opportunity to be heard at a meaningful time and in a meaningful manner because the denial of a recess forced Wausau to present its case at night after a full day in court.

**2.** One of the exceptions to the general rule is Rule 252 of the Rules of Civil Procedure, which would require a party seeking a delay on the basis of an absent witness, even after the trial has started, to file an affidavit supporting the claim.

■ The granting of a recess is generally considered to be within the sound discretion of the trial court. The judgment should not be reversed because of a denial of a recess unless the appellant is able to show that the trial court abused its discretion and thereby prejudiced appellant's position. *Estes v. Republic National Bank of Dallas,* 450 S.W.2d 397 (Tex.Civ.App.-Dallas 1970), *aff'd,* 462 S.W.2d 273 (Tex. 1970).

Wausau contends that it was not given a meaningful trial because of the "hostage-like nonstop atmosphere" with which the trial proceeded. Horton contends that the trial court went the extra mile to give Wausau a jury trial even after Wausau had failed to timely pay the jury fee. Wausau contends that this was not a meaningful jury trial because it was not allowed to present its case at "prime time"[3] but rather was compelled to begin the presentation of its evidence at 7:52 p.m. Wausau does not complain that it was prevented from calling any witness or presenting any specific testimony but rather contends that as a matter of trial strategy it might have wished to take additional time. Wausau was not denied an opportunity to put on evidence, to call its witnesses, to cross-examine Horton's witnesses,[4] or to make a closing argument to the jury.

Wausau argues that this court should apply the federal "appearance of unfairness" test to determine whether the trial judge violated Wausau's due process rights. This test requires that the court must avoid creating an appearance of unfairness through an unnecessary rush to judgment. *Fitzgerald v. Penthouse International, Ltd.,* 776 F.2d 1236 (4th Cir.

1985). In the present case, the jury did not rush to judgment, but took two hours and twenty minutes to answer twenty jury questions. After reviewing the situation in its entirety, we do not find a due process "appearance of unfairness."

Wausau correctly contends that Texas courts recognize equal protection in trials citing *Garcia v. Texas Employers' Insurance Association,* 622 S.W.2d 626 (Tex. App.-Amarillo 1981, writ ref'd n.r.e.). In general, the guarantee of equal protection is not a source of substantive rights or liberties but a right to be free from invidious discrimination in statutory classifications. *Harris v. McRae,* 448 U.S. 297, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980); *Stuart v. Tarrant County Child Welfare Unit,* 677 S.W.2d 273 (Tex.App.-Fort Worth 1984, writ ref'd n.r.e.).

Certainly the constitutional right to a jury trial should not be burdened with any unreasonable condition nor should it be conducted in a manner calculated to place either side at a disadvantage. Wausau contends that the ten-to-two verdict shows that it was prejudiced by the late hour. However, Horton presented his rebuttal witnesses and gave his final argument at a late hour, and the jury was equally free to render a verdict for either Wausau or Horton. There was no coercion for a decision in either direction, and we shall not assume that juries take their duties lightly and are easily swayed by the circumstances to go against what they believe to be the rightful decision in the case.[5] We do not find that Wausau was denied its right to equal protection.

3. Ironically, the term *prime time* originated from the time when television has its largest number of viewers and is the evening period generally from 7:00 to 11:00 p.m. WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 934 (1985).

4. Almost one-half (46%) of the record of the presentation of Horton's case-in-chief consists of Wausau's cross-examination.

5. The oft cited example of the importance of the jury to the jury system and of the dedication of citizens to that purpose goes back in time to a courageous jury in England, the cradle of our jury system. In 1670, William Penn and William Mead were on trial for the alleged offense of preaching in an unlawful assembly on Grace Church Street. The judge ordered the jury to find the two men guilty, but the foreman, Edward Bushel, and his fellow jurors believed that the evidence did not justify the conviction and refused to reach such a verdict. The judge then kept them locked up for two days and nights without food, water, light, or so much as a chamber pot. When the jury was returned to the court room, Edward Bushel still announced the jury's not guilty verdict.

Article I, § 15 and Article V, § 10 of the Texas Constitution provide the right to trial by jury. Wausau relies on *White v. White*, 108 Tex. 570, 196 S.W. 508, 511 (1917), in which the court held that a trial by jury means something more than a hearing before a commission, and in civil cases it means a due and orderly trial. In the present case, Wausau was afforded its right to a jury trial.

There was no complaint to the court from any individual juror or from the foreman on behalf of the entire jury that the jurors were too weary to continue deliberations or that they wanted to recess for the night. While we recognize that the practice of holding juries for long periods of time without recess is not to be favored unless it is by agreement of all parties and the members of the jury, we do not find that the circumstances involved in the present case impaired Wausau's constitutional right to a jury trial.

Wausau was provided its day in court. It had an opportunity to present its defenses in a proper forensic forum before a competent judge and jury. It was not denied constitutional due process, equal protection or a trial by jury. These points of error are overruled.

Next, we consider Horton's request that, as provided by Tex.R.App.P. 84, we award damages against Wausau for delay. Before an appellate court may assess damages under Rule 84, it must make two findings: that the appeal was taken for delay and without sufficient cause. Generally, in making these findings, the court must review the statement of facts from the point of view of the advocate and determine whether he had reasonable grounds to believe that the case would be reversed. *Mid–Continent Casualty Co. v. Whatley*, 742 S.W.2d 475 (Tex.App.-Dallas 1987, no writ). After making such a review, we have determined that this appeal does contain a legitimate controversy. Punitive damages under Rule 84 are denied because this appeal was not taken only for the purposes of delay and is not frivolous.

The judgment of the trial court is affirmed.

## OPINION ON SECOND MOTION FOR REHEARING

On August 28, 1990, the parties in this cause filed a document styled "Joint Motion to Vacate and Remand" in which they state that they have agreed to settle the underlying suit. The motion asks that, in order to allow the trial court to approve the settlement, this Court vacate its judgment in affirmance in this cause and remand to the trial court so that the settlement of the workers' compensation claim may be approved by that court in accordance with applicable law.

Upon overruling appellant's first motion for rehearing, the above opinion was substituted for the original opinion entered by this Court on July 3, 1990. We deem the joint motion filed by the parties on August 28, 1990, to be a second motion for rehearing. We grant the motion in part, reverse the judgment of the trial court and remand the cause to that court for entry of a judgment pursuant to the terms of the settlement agreement reached by the parties.